**Albert N. Kennedy**, OSB No. 821429 (Lead Attorney)
  Direct Dial: (503) 802-2013
  Facsimile:  (503) 972-3713
  E-Mail:     al.kennedy@tonkon.com
**Timothy J. Conway**, OSB No. 851752
  Direct Dial: (503) 802-2027
  Facsimile:  (503) 972-3727
  E-Mail:     tim.conway@tonkon.com
**Michael W. Fletcher**, OSB No. 010448
  Direct Dial: (503) 802-2169
  Facsimile:  (503) 972-3869
  E-Mail:     michael.fletcher@tonkon.com
**Ava L. Schoen**, OSB No. 044072
  Direct Dial: (503) 802-2143
  Facsimile:  (503) 972-3843
  E-Mail:     ava.schoen@tonkon.com
**TONKON TORP LLP**
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR 97204

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 13-64561-fra11 |
| C & K Market, Inc., | **DEBTOR'S MOTION FOR AUTHORITY TO PAY 503(b)(9) CLAIMS** |
| Debtor. | |
| | *EXPEDITED HEARING REQUESTED* |

C & K Market, Inc., debtor and debtor-in-possession ("Debtor"), hereby moves this Court for the entry of an order, pursuant to Sections 105(a), 503(b)(9) and 507(a)(2) of the Bankruptcy Code (1) authorizing Debtor to pay the pre-petition claims of certain parties entitled to administrative priority under Section 503(b)(9) of the Bankruptcy Code ("503(b)(9) Claimants") and (2) granting certain related relief. In support of this Motion, Debtor incorporates the statements contained in the Declaration of Edward

**Page 1 of 6** - DEBTOR'S MOTION FOR AUTHORITY TO PAY 503(b)(9) CLAIMS

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 13-64561-fra11    Doc 16    Filed 11/19/13

Hostmann in Support of First Day Pleadings ("First Day Declaration") filed contemporaneously herewith, and further respectfully states as follows:

1. On November 19, 2013 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

2. Debtor has continued in possession of its property and is continuing to operate and manage its business as debtor-in-possession pursuant to Sections 1107(a) and 1108 of Title 11 of the United States Code.

3. No request has been made for the appointment of a trustee or examiner, and no official committee of unsecured creditors has been appointed in Debtor's case.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. C & K is a family owned grocery store company headquartered in Brookings, Oregon. Ray Nidiffer founded the company in 1956 with a single store in Brookings. Over the next 50 years, the Nidiffer family and its employees grew the company to a chain of 60 stores, operating mostly in small rural communities, with 41 stores in Oregon and 19 stores in northern California. The stores operate under the banners Ray's Food Place, Shop Smart and C & K Market ("Market"). Market employs over 2,300 employees, approximately 57% of whom are full-time. Market has an average biweekly payroll in excess of $2,700,000 and provides family health insurance for all its full-time employees.

6. Prior to the Petition Date, and in the ordinary course of business, Debtor purchased and received, within 20 days immediately prior to the Petition Date, a variety of inventory and other goods used in its grocery operations. Section 503(b)(9) of the Bankruptcy Code provides administrative expense status for pre-petition claims for the value

**Page 2 of 6** - DEBTOR'S MOTION FOR AUTHORITY TO PAY 503(b)(9) CLAIMS

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 13-64561-fra11    Doc 16    Filed 11/19/13

of goods received by Debtor in the ordinary course within 20 days prior to the Petition Date ("503(b)(9) Claims").

7. The great majority of suppliers holding 503(b)(9) Claims are essential to Debtor's grocery store operations. Debtor relies on these suppliers to frequently and timely deliver critical goods to Debtor's stores. Debtor estimates that approximately $6,000,000 of 503(b)(9) Claims existed as of the Petition Date.[1]

8. To ensure continued and timely delivery of goods critical to the operation of Debtor's business, and to help ensure that Debtor has access to post-petition trade credit, Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit 1**, authorizing, but not directing, Debtor to pay any undisputed 503(b)(9) Claims.

9. As administrative expenses, Section 507(a)(2) of the Bankruptcy Code provides 503(b)(9) Claims with payment priority over general unsecured claims. In addition, Section 1129(a)(9)(A) of the Bankruptcy Code requires that Debtor satisfy the 503(b)(9) Claims in full as part of any Chapter 11 plan Debtor may confirm in this case. Thus, granting the relief sought herein with respect to the 503(b)(9) Claimants will not afford such claimants any greater priority than they otherwise would have if the relief requested herein was not granted, and will not prejudice any other party-in-interest.[2]

10. Payment of the 503(b)(9) Claims is necessary for Debtor to maintain its existing vendor relationships and preserve the going concern value of Debtor's estate.

11. Courts have repeatedly authorized debtors in reorganization cases to pay pre-petition claims where such payment is essential to the continued operations of the

---

[1] This amount excludes PACA claims in the amount of approximately $1,500,000, which are subject to a separate first day motion filed by Debtor.

[2] Nothing contained herein is intended or shall be construed as (1) an admission as to the validity of any claim against Debtor, (2) a waiver of Debtor's rights to dispute any claim on any grounds, (3) a promise to pay any claim, (4) an implication or admission that any particular claim against Debtor would constitute a 503(b)(9) Claim, or (5) the assumption of any contract.

Page 3 of 6 - DEBTOR'S MOTION FOR AUTHORITY TO PAY 503(b)(9) CLAIMS

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 13-64561-fra11    Doc 16    Filed 11/19/13

debtor.  *See, e.g., In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989); *see also*, *In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191-92 (Bankr. D. Del. 1994) (finding that a debtor is entitled to pay certain pre-petition creditors upon a showing that the payment is "essential to the continued operation of the business") (citations omitted); *In re Just for Feet, Inc.*, 242 B.R. 821, 825 (D. Del. 1999); *In re Columbia Gas Sys., Inc.*, 136 B.R. 930, 989 (Bankr. D. Del. 1992) (*citing In re Lehigh & New England Rwy. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (recognizing that "if payment of a pre-petition claim is essential to the continued operation of [the debtor], payment may be authorized.'"); *Armstrong World Indus., Inc. v. James A. Phillips, Inc.*, 29 B.R. 391, 397 (S.D.N.Y. 1983); *In re Arlington Hospitality, Inc.*, No. 05-34885 (Bankr. N.D. Ill. 2005) (authorizing payment of pre-petition lien holder claims); *In re UAL Corp.*, No. 02-48191 (Bankr. N.D. Ill. 2002) (authorizing payment to certain contractors in satisfaction of potential or perfected lien claims); *In re Dura Auto Systems, Inc.*, No. 06-11202 (Bankr. D. Del. 2006); *In re Dana Corp,* No. 06-10354 (Bankr. S.D.N.Y. 2006).

12. The relief sought herein is essential to Debtor's reorganization. The vast majority of 503(b)(9) Claimants provide goods that are critical to Debtor's ongoing operations. Any erosion in Debtor's relationships with its suppliers may threaten Debtor's ability to keep its stores adequately stocked. Debtor cannot afford any material disruptions in obtaining goods from its vendors or present anything less than a business-as-usual appearance to the public.

13. Debtor, after consultation with U.S. Bank National Association, reserves the right to make any such payments to 503(b)(9) Claimants and to require, as a condition to payment, that each 503(b)(9) Claimant agrees, on a prospective basis, to provide credit, pricing or payment terms equal to, or better than, those provided to Debtor pre-petition. By reserving the right to require, as a condition to any payment on account of any 503(b)(9) Claim, that the 503(b)(9) Claimant agree to provide credit terms at least

**Page 4 of 6** - DEBTOR'S MOTION FOR AUTHORITY TO PAY 503(b)(9) CLAIMS

1 | equivalent to those provided pre-petition, Debtor anticipates it will be able to enhance its
2 | liquidity during its Chapter 11 case for the benefit of its estate and creditors.

3 |       14.    Pursuant to Rules 6003(b) and 6004(h) of the Federal Rules of
4 | Bankruptcy Procedure ("Bankruptcy Rules"), Debtor seeks (a) immediate entry of an order
5 | granting the relief sought herein and (b) a waiver of any stay of the effectiveness of such an
6 | order. Bankruptcy Rule 6003(b) provides, in relevant part, that "[e]xcept to the extent that
7 | relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21
8 | days after the filing of the petition, issue an order granting…a motion to pay all or part of a
9 | claim that arose before the filing of the petition." Accordingly, where the failure to grant any
10 | such requested relief would result in immediate and irreparable harm to Debtor's estate, the
11 | Court may allow Debtor to pay all or part of a claim that arose before the Petition Date prior
12 | to the 21st day following the Petition Date. Bankruptcy Rule 6004(h) provides that "[a]n
13 | order authorizing the use, sale, or lease of property other than cash collateral is stayed until
14 | the expiration of 14 days after entry of the order, unless the court orders otherwise."

15 |       15.    As set forth above and in the Hostmann Declaration, payment of the
16 | 503(b)(9) Claims is necessary to prevent immediate and irreparable damage to Debtor's retail
17 | operations, going-concern value, and ability to reorganize. Accordingly, ample cause exists
18 | to justify (a) the immediate entry of an order granting the relief requested herein; and (b) a
19 | waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent it applies.
20 | * * *
21 | * * *
22 | * * *
23 | * * *
24 | * * *
25 | * * *
26 | * * *

**Page 5 of 6** - DEBTOR'S MOTION FOR AUTHORITY TO PAY 503(b)(9) CLAIMS

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 13-64561-fra11    Doc 16    Filed 11/19/13

| | |
|---|---|
| 1 | WHEREFORE, Debtor respectfully requests that the Court enter an order, |
| 2 | substantially in the form attached hereto as **Exhibit 1**, granting the relief requested in the |
| 3 | Motion and such other and further relief as this Court deems just and proper. |
| 4 | DATED this 19th day of November, 2013. |
| 5 | TONKON TORP LLP |
| 6 | |
| 7 | By */s/ Albert N. Kennedy* |
| 8 | Albert N. Kennedy, OSB No. 821429<br>Timothy J. Conway, OSB No. 851752<br>Michael W. Fletcher, OSB No. 010448 |
| 9 | Ava L. Schoen, OSB No. 044072<br>Attorneys for Debtor |

**Page 6 of 6** - DEBTOR'S MOTION FOR AUTHORITY TO PAY 503(b)(9) CLAIMS

# EXHIBIT 1

**PROPOSED FORM OF ORDER**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

In re

C & K Market, Inc.,

            Debtor.

Case No.

**ORDER GRANTING DEBTOR'S MOTION FOR AUTHORITY TO PAY 503(b)(9) CLAIMS**

      THIS MATTER having come before the Court upon Debtor's Motion for Authority to Pay 503(b)(9) Claims (the "Motion") [Dkt. #_____]; the Court having reviewed the Motion and the First Day Declaration and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); and the Court having found that (1) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (2) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (3) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (4) notice of the Motion and the Hearing was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of Debtor, its estate and the creditors; and good and sufficient cause having been shown;

**Page 1 of 3** - ORDER GRANTING DEBTOR'S MOTION FOR AUTHORITY TO PAY 503(b)(9) CLAIMS

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 13-64561-fra11    Doc 16    Filed 11/19/13

IT IS HEREBY ORDERED that:

1. The Motion is granted;

2. Debtor is authorized, but not directed, after consultation with U.S. Bank National Association, to pay any undisputed 503(b)(9) Claims; provided, however, that as a condition to payment, each 503(b)(9) Claimant agrees, on a prospective basis, to provide credit, pricing or payment terms equal to, or better than, those provided to Debtor pre-petition.

3. Nothing in the Motion or this Order, nor Debtor's payment of claims pursuant to this Order, shall be deemed or construed as (a) an admission as to the validity of any claim against Debtor, including any 503(b)(9) claim; (b) a waiver of Debtor's rights to dispute any claim on any ground; (c) a promise to pay any claim; (d) an implication or admission that any particular claim is a 503(b)(9) claim; or (e) the assumption of any contract;

4. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order;

5. Pursuant to Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry; and

6. This Court shall retain jurisdiction over any matters arising from or related to the implementation or interpretation of this Order.

# # #

* * *

* * *

* * *

* * *

* * *

* * *

* * *

* * *

Page 2 of 3 - ORDER GRANTING DEBTOR'S MOTION FOR AUTHORITY TO PAY 503(b)(9) CLAIMS

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 13-64561-fra11    Doc 16    Filed 11/19/13

I certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

Presented by:

TONKON TORP LLP


By _____
    Albert N. Kennedy, OSB No. 821429
    Timothy J. Conway, OSB No. 851752
    Michael W. Fletcher, OSB No. 010448
    Ava L. Schoen, OSB No. 044072
    888 S.W. Fifth Avenue, Suite 1600
    Portland, OR  97204-2099
    Telephone:  503-221-1440
    Facsimile:  503-274-8779
    E-mail:  al.kennedy@tonkon.com
           tim.conway@tonkon.com
           michael.fletcher@tonkon.com
           ava.schoen@tonkon.com
    Attorneys for Debtor

cc:    List of Interested Parties

Page 3 of 3 -  ORDER GRANTING DEBTOR'S MOTION FOR AUTHORITY TO PAY
                 503(b)(9) CLAIMS

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 13-64561-fra11    Doc 16    Filed 11/19/13