**Albert N. Kennedy**, OSB No. 821429 (Lead Attorney)
    Direct Dial: (503) 802-2013
    Facsimile:   (503) 972-3713
    E-Mail:      al.kennedy@tonkon.com
**Timothy J. Conway**, OSB No. 851752
    Direct Dial: (503) 802-2027
    Facsimile:   (503) 972-3727
    E-Mail:      tim.conway@tonkon.com
**Michael W. Fletcher**, OSB No. 010448
    Direct Dial: (503) 802-2169
    Facsimile:   (503) 972-3869
    E-Mail:      michael.fletcher@tonkon.com
**Ava L. Schoen**, OSB No. 044072
    Direct Dial: (503) 802-2143
    Facsimile:   (503) 972-3843
    E-Mail:      ava.schoen@tonkon.com
**TONKON TORP** LLP
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR 97204

      Attorneys for Debtor

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 13-64561-fra11 |
| C & K Market, Inc., | **DEBTOR'S MOTION FOR AUTHORITY TO SELL ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO STORE CLOSING SALES** |
| Debtor. | |
| | *EXPEDITED HEARING REQUESTED* |

      C & K Market, Inc., debtor and debtor-in-possession ("Debtor"), hereby

moves this Court for the entry of an order, pursuant to Section 363 of the Bankruptcy Code

authorizing, but not directing, Debtor to sell assets free and clear of all liens, claims and

encumbrances pursuant to the store closing sales. In support of this Motion, Debtor

incorporates the statements contained in the Declaration of Edward Hostmann in Support of

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1   First Day Pleadings ("First Day Declaration") filed contemporaneously herewith, and further

2   respectfully states as follows

3                        **JURISDICTION AND VENUE**

4           1.      On November 19, 2013 (the "Petition Date"), Debtor filed a voluntary

5   petition for relief under Chapter 11 of Title 11 of the United States Code.

6           2.      Debtor has continued in possession of its property and is continuing to

7   operate and manage its business as debtor-in-possession pursuant to Sections 1107(a) and

8   1108 of Title 11 of the United States Code.

9           3.      No request has been made for the appointment of a trustee or

10  examiner, and no official committee of unsecured creditors has been appointed in Debtor's

11  case.

12          4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C.

13  §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

14  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

15                            **BACKGROUND**

16          5.      C & K is a family owned grocery store company headquartered in

17  Brookings, Oregon.  Ray Nidiffer founded the company in 1956 with a single store in

18  Brookings.  Over the next 50 years, the Nidiffer family and its employees grew the company

19  to a chain of 60 stores, operating mostly in small rural communities, with 41 stores in Oregon

20  and 19 stores in northern California.  The stores operate under the banners Ray's Food Place,

21  Shop Smart and C & K Market ("Market").  Market employs over 2,300 employees,

22  approximately 57% of whom are full-time.  Market has an average biweekly payroll in

23  excess of $2,700,000 and provides family health insurance for all its full-time employees.

24                     **PROPOSED STORE CLOSING SALES**

25          6.      As part of its reorganization efforts, Debtor has analyzed the

26  performance of each of its stores and determined, in its business judgment, to sell or close

**Page 2 of 9** -  DEBTOR'S MOTION FOR AUTHORITY TO SELL ASSETS FREE AND
CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO
STORE CLOSING SALES

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1    approximately 21 of its 60 stores. Debtor is seeking immediate authority to liquidate up to

2    16 stores. To the extent stores are closed, they are referred to herein as a "Closing Stores."

3    To the extent Closing Stores are closed, Debtor will liquidate the assets located in those

4    stores ("Assets") pursuant to "store closing" or similarly themed sales ("Store Closing

5    Sales"). A list of the initial Closing Stores is attached hereto as **Exhibit 1**.

6             7.      In making the above determinations, Debtor consulted with its

7    consultants and advisors, and considered a number of possibilities regarding whether to sell

8    or close stores. With regards to Closing Stores, Debtor and its consultants and advisors

9    evaluated whether Assets should be sold in bulk to a third-party liquidator or whether to

10   conduct Store Closing Sales, and whether to engage an agent to assist Debtor with the Store

11   Closing Sales. After deliberate and careful consideration, Debtor concluded that conducting

12   Store Closing Sales will maximize value to Debtor's estate and its creditors.

13            8.      To the extent Debtor concludes to sell certain of the stores listed on

14   **Exhibit 1** instead of conducting a Store Closing Sale, it will file a separate motion with the

15   Court pursuant to 11 U.S.C. §§363 and 365 seeking authority to do so. Debtor intends to

16   work with The Food Partners, LLC ("TFP") in connection with the sale of any store. Debtor

17   has separately filed an Application to Employ TFP as Financial Advisors to Debtor. FTP is a

18   leading investment banking firm to the food industry that, among other things, provides

19   divestiture and strategic advisory services.

20                              **RELIEF REQUESTED**

21            9.      By this Motion, Debtor seeks entry of an order authorizing, but not

22   directing, Debtor to sell the Assets free and clear of all liens, claims, and encumbrances

23   pursuant to store closing or similarly themed sales. Debtor further requests that the order on

24   this Motion become effective immediately upon its entry, notwithstanding any stay under

25   Fed. R. Bankr. P. 6004(h) and 6006(d).

26

**Page 3 of 9** -   DEBTOR'S MOTION FOR AUTHORITY TO SELL ASSETS FREE AND
                     CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO
                     STORE CLOSING SALES

**AUTHORIZING SALE OF THE ASSETS**

10. Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that a debtor-in-possession, after notice and a hearing, may sell property of the estate outside the ordinary course of business. 11 U.S.C. § 363(b)(1); *see In re Sames Dep't. Stores, Inc.*, 136 B.R. 357, 359 (Bankr. S.D.N.Y. 1992) (holding that going-out-of-business sales are governed by Section 363(b)).

11. A debtor's sale of assets outside the ordinary course of business should be authorized when there is a valid business justification for doing so. *See In re Diplomat Const. Inc.*, 481 B.R. 215, 218 (Bankr. N.D. Ga. 2012); *240 North Brand Partners, Ltd. v. Colony GFP Partners, L.P.* (*In re 240 North Brand Partners, Ltd.*), 200 B.R. 653, 659 (9th Cir. B.A.P. 1996); *In re Lionel Corp.*, 722 F2d 1063, 1070 (2nd Cir. 1983); *In re Ernst Home Center, Inc.*, 209 B.R. 974, 980 (Bankr. W.D. Wash. 1997); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986).

12. Whether there are sufficient business reasons to justify a sale depends on the facts and circumstances of each case. *Lionel*, 722 F.2d at 1071; *In re Continental Airlines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986).

13. A showing of sound business justification need not be unduly exhaustive. Rather, the debtor is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984).

14. Sound business reasons exist to sell the Assets in this case pursuant to store closing or similarly themed sales. Debtor, in consultation with its advisors, has identified the Closing Stores as underperforming stores and determined to close the Closing Stores to reduce operating expenses and to "right size" Debtor. With respect to the Closing Stores, Debtor consulted with numerous advisors knowledgeable in the industry and considered various alternatives, such as selling the stores as operating stores, selling the

**Page 4 of 9** - DEBTOR'S MOTION FOR AUTHORITY TO SELL ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO STORE CLOSING SALES

1  Assets in bulk to a third-party liquidator, or conducting Store Closing Sales.  After extensive

2  deliberations, Debtor determined that conducting Store Closing Sales was the most

3  appropriate course of action.  Commencing Store Closing Sales immediately after obtaining

4  Court approval will maximize the value of the Assets and allow Debtor to reduce operating

5  expenses.  The Assets are made up of, among other things, perishable and nonperishable

6  groceries.  The Store Closing Sales will enable the Assets to be sold in the most efficient and

7  expeditious fashion, thereby minimizing the potential loss in value of the Assets.

8  15.  Store closing or liquidation sales are a routine occurrence in

9  Chapter 11 cases.  *See, e.g., In re Ames Dep't. Stores, Inc.*, 136 B.R. at 359 (holding that

10  "going-out-of business" sales are an important part of "overriding federal policy requiring [a]

11  debtor to maximize estate assets").

12  16.  Accordingly, approval of the Store Closing Sales is in the best interests

13  of Debtor, its estate, creditors, and other parties-in-interest, and is necessary to maximize the

14  value of Debtor's estate for the benefit of its stakeholders.

15  **APPROVING SALE OF ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES**

16  17.  Debtor requests approval to sell the Assets free and clear of any and all

17  liens, claims and encumbrances (collectively, "Liens") in accordance with Section 363(f) of

18  the Bankruptcy Code, with any Liens in such Assets attaching to the proceeds in the order of

19  priority and with the same force, validity and effect they had with respect to the Assets prior

20  to the sale.

21  18.  Pursuant to Section 363(f) of the Bankruptcy Code, a debtor may sell

22  property of the estate "free and clear of any interest in such property of an entity other than

23  the estate"—with or without the consent of the lienholder—if any one of five enumerated

24  conditions in Section 363(f) is satisfied.  Specifically, a debtor is permitted to sell property

25  free and clear of any interest in the property if:  (a) applicable nonbankruptcy law permits

26  sale of such property free and clear of such interest; (b) the other entity consents; (c) the

Page 5 of 9 - DEBTOR'S MOTION FOR AUTHORITY TO SELL ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO STORE CLOSING SALES

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1    interest is a lien and the sale price is greater than the aggregate value of all liens on such

2    property; (d) the interest is in bona fide dispute; or (e) the entity could be compelled, in a

3    legal or equitable proceeding, to accept a money satisfaction of such interest.

4            19.    Debtor believes the sale of the Assets will satisfy one or more of the

5    Section 363(f) requirements.  Thus, Debtor anticipates being able to show this Court at the

6    hearing on this Motion that sale of the Assets is authorized pursuant to Section 363(f) of the

7    Bankruptcy Code.

8            20.    Proceeds of any sale of Assets shall be remitted directly to U.S. Bank

9    National Association ("U.S. Bank") for application to obligations owing to U.S. Bank by

10    Debtor in accordance with the Interim Order Granting Debtor's Motion for Authorization to

11    Obtain Credit on Interim and Final Basis ("DIP Order") and the Loan Documents (as defined

12    in DIP Order).

13    **AUTHORIZING DEBTOR TO CONDUCT STORE CLOSING SALES**
**WITHOUT COMPLYING WITH GOING-OUT-OF-BUSINESS LAWS**
14

15            21.    As a necessary part of the Store Closing Sale process, Debtor requests

16    authority to conduct the Store Closing Sales without complying with any state or local laws

17    purporting to restrict or otherwise govern "store closing," "liquidation," "going-out-of-

18    business" or similarly themed sales ("GOB Laws"), except any laws for the protection of the

19    health and safety of the public, and any consumer protection laws ("Health and Safety

20    Laws").  Debtor will comply with all Health and Safety Laws.

21            22.    Many GOB Laws require special and cumbersome licenses, waiting

22    periods, time limits, and other procedures for store closing, liquidation or similar sales.  Such

23    requirements would be expensive and cumbersome, and may be fatal to sale of the Assets,

24    which are made up partly of perishable food items.  Delays inherent in satisfying such

25    requirements would likely force Debtor into paying an additional month of rent and overhead

26    for each of the Closing Stores.  The Bankruptcy Code preempts state and local laws that

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1 conflict with its underlying policies.  *See In re Shenango Group, Inc.*, 186 B.R. 623, 628

2 (Bankr. W.D. Pa. 1995) ("Trustees and debtors-in-possession have unique fiduciary and legal

3 obligations pursuant to the bankruptcy code * * * [A] state statute cannot place burdens on

4 them where the result would contradict the priorities established by the federal bankruptcy

5 code"), *aff'd*, 112 F.3d 633 (3d Cir. 1997).  Preemption of any GOB Law is appropriate

6 where, as here, the only GOB Laws involved concern economic regulation rather than the

7 protection of public health and safety.  *In re Baker & Drake, Inc.*, 35 F.3d 1348, 1353 (9th

8 Cir. 1994) (finding that "federal bankruptcy preemption is more likely * * * * where a statute

9 is concerned with economic regulation rather than with protecting the public health and

10 safety"); *see also In re Scott Housing Sys. Inc.*, 91 B.R. 190, 196-97 (Bankr. S.D. Ga. 1988)

11 (holding that automatic stay under Section 362 is broad and preempts state law except for

12 those laws designed to protect public health and safety).

13   23. Here, state and local GOB Laws may undermine the fundamental

14 purpose of Section 363(b) of the Bankruptcy Code by placing burdensome constraints on

15 Debtor's ability to sell the Assets.  Accordingly, authorizing the Store Closing Sales without

16 the delays and burdens associated with complying with GOB Laws is necessary and

17 appropriate.

18   24. The requested waiver is narrowly tailored to facilitate the successful

19 consummation of the Store Closing Sales.  Debtor does not seek a general waiver of all state

20 and local requirements, but only those that apply specifically to liquidation sales.  As noted

21 above, Debtor will fully comply with all Health and Safety Laws.

22
23
   **AUTHORIZING DEBTOR TO CONDUCT STORE**
   **CLOSING SALES WITHOUT INTERFERENCE BY LANDLORDS**

24   25. Certain of Debtor's leases governing the premises of the Closing

25 Stores (collectively, "Leases") may contain provisions purporting to restrict or prohibit

26 Debtor from conducting store closing, liquidation or similar sales.  Such provisions have

**Page 7 of 9** - DEBTOR'S MOTION FOR AUTHORITY TO SELL ASSETS FREE AND
   CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO
   STORE CLOSING SALES

1   been held to be unenforceable in Chapter 11 cases as they constitute an impermissible

2   restraint on a debtor's ability to properly administer its case and maximize the value of its

3   assets under Section 363 of the Bankruptcy Code.  *See, e.g., In re Ames Dep't. Stores, Inc.*,

4   136 B.R. 359 (holding that enforcement of such lease restrictions would "contravene

5   overriding federal policy requiring debtor to maximize estate assets * * *"); *In re Tobago*

6   *Bay Trading Co.*, 112 B.R. 463, 467-68 (Bankr. N.D. Ga. 1990) (finding that a debtor's

7   efforts to reorganize would be significantly impaired to the detriment of creditors if lease

8   provisions prohibiting a debtor from liquidating its inventory were enforced); *In re Lisbon*

9   *Shops, Inc.*, 24 B.R. 693, 695 (Bankr. E.D. Mo. 1982) (holding restrictive lease provision

10  unenforceable in Chapter 11 case where debtor sought to conduct going-out-of-business

11  sale); *In re Friedman's, Inc.*, 336 B.R. 880, 881-82 (Bankr. S.D. Ga. 2005).

12          26.     As such, to the extent such provisions or restrictions exist in any of the

13  Leases for the Closing Stores, such landlords may not interfere with or otherwise seek to

14  restrict Debtor in conducting the Store Closing Sales.  Accordingly, Debtor requests that the

15  Court authorize Debtor to conduct the Store Closing Sales without interference by any

16  landlords or other persons affected, directly or indirectly, by the Store Closing Sales.

17                          **REQUEST FOR WAIVER OF STAY**

18          27.     Debtor requests a waiver of any stay of the effectiveness of the order

19  approving the relief requested in this Motion.  Bankruptcy Rule 6004(h) provides that an

20  order authorizing the use, sale, or lease of property is stayed until the expiration of 14 days

21  after entry of the order unless the court orders otherwise.  Bankruptcy Rule 6003(b) provides

22  that an order authorizing the use, sale or lease of property may not be entered with 21 days

23  after the filing of the petition except to the extent relief is necessary to avoid immediate and

24  irreparable harm.  Given the harm to the estate if Debtor cannot conduct these sales

25  immediately upon approval of the Motion, and complete such sales as anticipated, Debtor

26  believes it is in its best interest to commence the Store Closing Sales immediately.

**Page 8 of 9** -   DEBTOR'S MOTION FOR AUTHORITY TO SELL ASSETS FREE AND
CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO
STORE CLOSING SALES

1   Accordingly, Debtor submits that more than ample cause exists to justify a waiver of the stay

2   imposed by Bankruptcy Rules 6003(b) and 6004(h), to the extent they apply.

3                                      **CONCLUSION**

4           WHEREFORE, Debtor requests entry of an Order substantially in the form

5   attached hereto as **Exhibit 2** and granting such other and further relief as this Court deems

6   necessary or appropriate.

7           DATED this 19th day of November, 2013.

8                               TONKON TORP LLP

9

10                          By /s/ Albert N. Kennedy
                               Albert N. Kennedy, OSB No. 821429
11                             Timothy J. Conway, OSB No. 851752
                               Michael W. Fletcher, OSB No. 010448
12                             Ava L. Schoen, OSB No. 044072
                               Attorneys for Debtor
13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEBTOR'S MOTION FOR AUTHORITY TO SELL ASSETS FREE AND
CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO
STORE CLOSING SALES

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

# EXHIBIT 1

## LIST OF CLOSING STORES

| LIST OF CLOSING STORES | | |
|---|---|---|
| **Store Location** | **Store Address** | **Store Number** |
| Albany, OR | 621 NW Hickory Street | 70 |
| Bend, OR | 210 SW Century Drive | 41 |
| Crescent City, CA | 953 Northcrest Drive | 49 |
| Creswell, OR | 190 Emerald Parkway | 48 |
| Eureka, CA | 3460 Broadway | 38 |
| Grants Pass, OR | 1427 NE 7th St. | 67 |
| Grants Pass, OR | 1555 Williams Hwy. | 68 |
| Harbor, OR | 97900 Shopping Ctr. Avenue | 2 |
| Murphy, OR | 7200 Williams Hwy. | 14 |
| Philomath, OR | 1740 Main Street | 80 |
| Phoenix, OR | 735 N. Main Street | 10 |
| Pleasant Hill, OR | 35831 Hwy. 58 | 51 |
| Redmond, OR | 900 SW 23rd Street | 65 |
| White City, OR | 7521 Crater Lake Hwy. | 62 |
| Willits, CA | 1718 S. Main Street | 33 |
| Yreka, CA | 915 S. Main Street | 46 |

# EXHIBIT 2

## PROPOSED FORM OF ORDER

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. |
| C & K Market, Inc., | **ORDER GRANTING DEBTOR'S MOTION FOR AUTHORITY TO SELL ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO STORE CLOSING SALES** |
| Debtor. | |

THIS MATTER having come before the Court upon Debtor's Motion For Authority to Sell Assets Free and Clear of All Liens, Claims and Encumbrances Pursuant to Store Closing Sales (the "Sale Motion") [Dkt. #_____]; and a hearing on the Motion having been held before the Court on _____, 2013 (the "Sale Hearing"); and upon the record of the Sale Hearing; and it appearing that the relief requested in the Motion is in the best interests of Debtor, its estate and creditors; and any objections filed to the Motion having been resolved, withdrawn, or otherwise overruled by the Court as provided in this Order; and after due deliberation, and sufficient cause appearing therefor,

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

IT IS HEREBY ORDERED that:

1.      The Motion is granted to the extent provided herein.  Terms used but not defined herein shall have the meanings assigned to such terms in the Motion.  All objections to the Motion that have not been withdrawn, waived, settled, or specifically addressed in this Order, and all reservations of rights included in such objections, are overruled on the merits in all respects and denied.

2.      Debtor is authorized, but not directed, to conduct the Store Closing Sales and sell the Assets free and clear of any and all Liens, with such Liens attaching to the net proceeds of such sales with the same validity, force and effect as the same had with respect to the Assets at issue, subject to any and all defenses, claims, and/or counterclaims or setoffs that may exist.

3.      Except as expressly provided for herein, no person or entity, including, but not limited to, any landlord or federal or local governmental unit, shall take any action to directly or indirectly prevent, interfere with, or otherwise hinder consummation of the Store Closing Sales, or the advertising and promotion (including the posting of signs and use of sign walkers) of such Store Closing Sales.

4.      The Store Closing Sales may be conducted by Debtor without the necessity of compliance with any federal, state or local statute or ordinance, lease provision, or licensing requirement affecting or purporting to restrict store closing, "going-out-of-business," liquidation, or auction sales, or affecting advertising, including signs, banners, posting of signage, and use of sign walkers, other than Health and Safety Laws.

5.      Debtor is authorized and empowered to transfer Assets among the Stores.

6.      Except as expressly provided in this Order, nothing in this Order shall be deemed to bar any governmental units from enforcing Health and Safety Laws in the applicable non-bankruptcy forum, subject to Debtor's right to assert that any such laws are not in fact Health or Safety Laws, or that such enforcement is impermissible under the Bankruptcy Code, this

**Page 2 of 4 -**     ORDER GRANTING DEBTOR'S MOTION FOR AUTHORITY TO SELL ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO STORE CLOSING SALES

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Order or otherwise, and provided further that the governmental unit shall in the first instance present the matter to this Court for resolution, or request that it be permitted to proceed with the matter in the applicable non-bankruptcy forum; provided, however, that the governmental unit shall provide Debtor with reasonable notice and opportunity to cure any such alleged violation absent extenuating circumstances and/or to oppose the relief sought by such governmental unit.

       7.      Proceeds of any sale of Assets shall be remitted directly to U.S. Bank National Association ("U.S. Bank") for application to obligations owing to U.S. Bank by Debtor in accordance with the Interim Order Granting Debtor's Motion for Authorization to Obtain Credit on Interim and Final Basis ("DIP Order") and the Loan Documents (as defined in DIP Order).

       8.      This Court shall retain exclusive jurisdiction with regard to all issues or disputes in connection with the Order and the relief provided for herein.

       9.      Debtor and each of its officers, employees and agents shall be, and hereby are, authorized to execute such documents and do such acts as are necessary or desirable to carry out the Store Closing Sales.

       10.      This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the implementation of this Order.

       11.      Notwithstanding Bankruptcy Rules 6003 and 6004, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. Immediately upon entry of this Order, Debtor is free to perform subject to the terms of this Order.

# # #

**Page 3 of 4** -   ORDER GRANTING DEBTOR'S MOTION FOR AUTHORITY TO SELL ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO STORE CLOSING SALES

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

I certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

Presented by:

TONKON TORP LLP

By _____
      Albert N. Kennedy, OSB No. 821429
      Timothy J. Conway, OSB No. 851752
      Michael W. Fletcher, OSB No. 010448
      Ava L. Schoen, OSB No. 044072
      888 S.W. Fifth Avenue, Suite 1600
      Portland, OR  97204-2099
      Telephone:   503-221-1440
      Facsimile:   503-274-8779
      E-mail:     al.kennedy@tonkon.com
                   tim.conway@tonkon.com
                   michael.fletcher@tonkon.com
                   ava.schoen@tonkon.com
      Attorneys for Debtor

cc:    List of Interested Parties

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440