**Albert N. Kennedy**, OSB No. 821429 (Lead Attorney)
  Direct Dial: (503) 802-2013
  Facsimile:  (503) 972-3713
  E-Mail:     al.kennedy@tonkon.com
**Timothy J. Conway**, OSB No. 851752
  Direct Dial: (503) 802-2027
  Facsimile:  (503) 972-3727
  E-Mail:     tim.conway@tonkon.com
**Michael W. Fletcher**, OSB No. 010448
  Direct Dial: (503) 802-2169
  Facsimile:  (503) 972-3869
  E-Mail:     michael.fletcher@tonkon.com
**Ava L. Schoen**, OSB No. 044072
  Direct Dial: (503) 802-2143
  Facsimile:  (503) 972-3843
  E-Mail:     ava.schoen@tonkon.com
**TONKON TORP LLP**
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR 97204

    Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>C & K Market, Inc.,<br><br>    Debtor. | Case No. 13-64561-fra11<br><br>**DEBTOR'S MOTION TO ASSUME EXECUTORY CONTRACT (SUPERVALU SUPPLY AGREEMENT)**<br><br>*EXPEDITED HEARING REQUESTED* |

Pursuant to 11 U.S.C. § 365(a), C & K Market, Inc., debtor and debtor-in-possession herein ("Debtor"), moves this Court (this "Motion") for entry of an order authorizing Debtor to assume Debtor's executory contract with Supervalu Holdings, Inc. ("Supervalu"). In support of this Motion, Debtor incorporates the statements contained in the Declaration of Edward Hostmann in Support of First Day Pleadings (the "First Day Declaration") filed contemporaneously herewith and further respectfully states as follows:

**Page 1 of 6** -  DEBTOR'S MOTION TO ASSUME EXECUTORY CONTRACT (SUPERVALU SUPPLY AGREEMENT)

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 13-64561-fra11    Doc 32    Filed 11/19/13

1. On November 19, 2013 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

2. Debtor has continued in possession of its property and is continuing to operate and manage its business as debtor-in-possession pursuant to Sections 1107(a) and 1108 of Title 11 of the United States Code.

3. No request has been made for the appointment of a trustee or examiner, and no official committee of unsecured creditors has been appointed in Debtor's case.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. The relief requested herein by Debtor is based on the Court's authority pursuant to 11 U.S.C. § 105(a) and 11 U.S.C. § 365.

**FACTUAL BACKGROUND**

6. C & K is a family owned grocery store company headquartered in Brookings, Oregon. Ray Nidiffer founded the company in 1956 with a single store in Brookings. Over the next 50 years, the Nidiffer family and its employees grew the company to a chain of 60 stores, operating mostly in small rural communities, with 41 stores in Oregon and 19 stores in northern California. The stores operate under the banners Ray's Food Place, Shop Smart and C & K Market ("Market"). Market employs over 2,300 employees, approximately 57% of whom are full-time. Market has an average biweekly payroll in excess of $2,700,000 and provides family health insurance for all its full-time employees.

7. Debtor is currently a party to a Supply Agreement with Supervalu identified on **Exhibit 1**.

8. Supervalu is Debtor's primary supplier of grocery products and health and beauty products. Pursuant to the Supply Agreement, Supervalu makes certain product

**Page 2 of 6** - DEBTOR'S MOTION TO ASSUME EXECUTORY CONTRACT (SUPERVALU SUPPLY AGREEMENT)

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 13-64561-fra11    Doc 32    Filed 11/19/13

lines available to Debtor for sale in Debtor's stores and provides related services such as warehousing, marketing, and merchandising, and Debtor currently pays for all product and services pursuant to 17-day trade terms by the consent of Supervalu, without waiver of its rights, despite contractual 15-day payment terms. As a condition to Debtor's assumption of the Supply Agreement, Supervalu has agreed to continue to provide 17-day trade terms through October 31, 2014, with payment terms then reducing by three days in each annual period thereafter (i.e., 14-day payment terms commence November 1, 2014 and shall be reduced annually pursuant to the terms of the Supply Agreement).

9. Prior to the bankruptcy filing, Debtor fully and promptly performed its obligations under the Supply Agreement and Debtor will continue to fully and promptly perform its obligations under the Supply Agreement, including payment, when due, of any pre-petition amounts outstanding.

10. The Supply Agreement is critical to Debtor's business, and assumption of the Supply Agreement is in the best interest of Debtor and its estate.

**RELIEF REQUESTED**

11. By this Motion, to avoid undue delay and facilitate the continued operation of Debtor's business and the timely supply of critical goods under the Supply Agreement, Debtor seeks entry of an order authorizing Debtor's assumption of the Supply Agreement as modified by paragraph 8 above to continue the existing 17-day payment terms through October 31, 2014.

**BASIS FOR RELIEF**

12. Bankruptcy Code Section 365(a) states, in pertinent part, that a debtor may, subject to the court's approval, "assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).

13. By enacting Bankruptcy Code Section 365(a), Congress intended to allow a debtor to assume those leases or contracts that benefit its estate and reject those that

**Page 3 of 6** - DEBTOR'S MOTION TO ASSUME EXECUTORY CONTRACT (SUPERVALU SUPPLY AGREEMENT)

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 13-64561-fra11    Doc 32    Filed 11/19/13

are of no value or are burdensome. *See Lockerby v. Sierra*, 535 F.3d 1038, 1043 (9th Cir. 2008) ("Under 11 U.S.C. § 365(a), [debtors] are permitted to reject executory contracts and unexpired leases that do not produce a benefit for the debtor's estate."); *Cinicola v. Scharffenberger*, 248 F.3d 110, 119 (3d Cir. 2001); *In re Sandman Assocs., LLC*, 251 B.R. 473, 481 (W.D. Va. 2000) (Section 365 "allows the * * * debtor in possession to pick and choose among contracts, assuming those that are favorable and rejecting those that are not").

14. A debtor's decision to assume or reject a contract or lease is governed by the "business judgment" test or rule. *See Group of Instit. Investors v. Chicago, Milwaukee, St. Paul and Pac. R.R. Co.*, 318 U.S. 523, 550 (1943) ("the question [of rejection] is one of business judgment"); *In re Pomona Valley Medical Group, Inc*. 476 F.3d 665 (9th Cir. 2007) ("a bankruptcy court need engage in 'only a cursory review of a [debtor-in-possession's] decision to reject the contract. Specifically, a bankruptcy court applies the business judgment rule to evaluate a [debtor-in-possession's] rejection decision.'" (Internal citations omitted.)

15. The business judgment test dictates that a court should approve a debtor's decision to assume a contract unless the decision is the product of bad faith or gross abuse of discretion. *In re HQ Global Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003) (upholding debtor's decision to reject an agreement where decision was not the result of bad faith, whim or caprice); *In re Yellowstone Mountain Club, LLC*, 2010 WL 5071354, *2, Nos. 08–61570–11, 08–61571–11, 08–61572–11, 08–61573–11, CV–09–48–BU–SEH (D. Mont. Dec. 7, 2010) (same). Thus, when applying the "business judgment" rule, courts defer to a debtor's decision and generally will not second guess a debtor's judgment on operational matters. *See In re Crystalin, L.L.C.*, 293 B.R. 455, 464 (B.A.P. 8th Cir. 2003) (finding the court need not "place itself in the position of the trustee or debtor-in-possession") (citation omitted); *In re Armstrong World Indus., Inc.*, 348 B.R. 136, 162 (D. Del. 2006) ("Courts have uniformly deferred to the business judgment of the debtor to determine

**Page 4 of 6** - DEBTOR'S MOTION TO ASSUME EXECUTORY CONTRACT (SUPERVALU SUPPLY AGREEMENT)

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 13-64561-fra11    Doc 32    Filed 11/19/13

whether the rejection of an executory contract or unexpired lease is appropriate under section 365(a)."); *In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) ("approval under Section 365(a), if required, except in extraordinary situations, should be granted as a matter of course").

16. Debtor's decision to assume the Supply Agreement is supported by its sound and prudent business judgment and is not based on bad faith, whim or caprice in any way. Indeed, Debtor values its business relationship with Supervalu, believes the Supply Agreement is fair and reasonable, and submits that the present and future business needs of Debtor require continued performance of the Supply Agreement.

17. Accordingly, the requested relief is in Debtor's best interest and in the best interest of its estate and creditors and, therefore, should be granted.

18. Debtor is not in default of the Supply Agreement. Accordingly, no "cure of defaults" is required for Debtor's assumption of the Supply Agreement other than payment, when due under the existing 17-day trade terms, of any outstanding pre-petition amounts due in connection with the Supply Agreement, which Debtor hereby requests authority to pay. Further, Debtor does not seek to modify or alter the terms of the Supply Agreement except as noted in paragraph 8 above, and Debtor is not seeking to assign the Supply Agreement.

19. Bankruptcy Rule 6003(c) provides that an order authorizing an assumption of an executory contract may not be entered for 21 days unless the relief is necessary to avoid immediate and irreparable harm. Debtor submits that ample cause exists to justify the immediate entry of this Order.

* * *

* * *

* * *

* * *

Page 5 of 6 - DEBTOR'S MOTION TO ASSUME EXECUTORY CONTRACT (SUPERVALU SUPPLY AGREEMENT)

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 13-64561-fra11 Doc 32 Filed 11/19/13

| | |
|---|---|
| 1 | WHEREFORE, Debtor respectfully requests that the Court enter an order, |
| 2 | substantially in the form attached hereto as **Exhibit 2**, granting the relief requested in the |
| 3 | Motion and such other and further relief as this Court deems just and proper. |
| 4 | DATED this 19th day of November, 2013. |
| 5 | TONKON TORP LLP |
| 7 | By */s/ Albert N. Kennedy* |
| 8 | Albert N. Kennedy, OSB No. 821429<br>Timothy J. Conway, OSB No. 851752<br>Michael W. Fletcher, OSB No. 010448 |
| 9 | Ava L. Schoen, OSB No. 044072<br>Attorneys for Debtor |

**Page 6 of 6** - DEBTOR'S MOTION TO ASSUME EXECUTORY CONTRACT (SUPERVALU SUPPLY AGREEMENT)

# EXHIBIT 1

## SUPPLY AGREEMENT

Supply Agreement between C & K Market, Inc. and Supervalu Holdings, Inc. dated March 11, 2011; Amendment No. 1 to Supply Agreement dated April 6, 2012; Amendment No. 2 to Supply Agreement dated February 18, 2013; Amendment No. 3 to Supply Agreement dated April 1, 2013.

# EXHIBIT 2

**PROPOSED FORM OF ORDER**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| In re | Case No. |
|---|---|
| C & K Market, Inc., | **ORDER GRANTING DEBTOR'S MOTION TO ASSUME EXECUTORY CONTRACT (SUPERVALU SUPPLY AGREEMENT)** |
| Debtor. | |

THIS MATTER having come before the Court upon Debtor's Motion to Assume Executory Contract (Supervalu Supply Agreement) (the "Motion") [Dkt. #_____]; the Court having reviewed the Motion and the First Day Declaration and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); and the Court having found that (1) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (2) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (3) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (4) notice of the Motion and the Hearing was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of Debtor, its estate and the creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED that:

**Page 1 of 2** - ORDER GRANTING DEBTOR'S MOTION TO ASSUME EXECUTORY
CONTRACT (SUPERVALU SUPPLY AGREEMENT)

1. Debtor's Motion is granted and Debtor's executory contract with Supervalu Holdings, Inc. set forth in the Motion is hereby assumed by Debtor in accordance with the terms set forth in the Motion, including the payment terms as modified by paragraph 8 of the Motion;

2. Debtor is hereby authorized to pay any outstanding pre-petition amounts due in connection with the Supply Agreement, as and when such amounts become due; and

3. This Order shall be effective immediately upon entry.

# # #

I certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

Presented by:

TONKON TORP LLP

By _____
    Albert N. Kennedy, OSB No. 821429
    Timothy J. Conway, OSB No. 851752
    Michael W. Fletcher, OSB No. 010448
    Ava L. Schoen, OSB No. 044072
    888 S.W. Fifth Avenue, Suite 1600
    Portland, OR 97204-2099
    Telephone: 503-221-1440
    Facsimile: 503-274-8779
    E-mail: al.kennedy@tonkon.com
           tim.conway@tonkon.com
           michael.fletcher@tonkon.com
           ava.schoen@tonkon.com
    Attorneys for Debtor

cc: List of Interested Parties

**Page 2 of 2** - ORDER GRANTING DEBTOR'S MOTION TO ASSUME EXECUTORY CONTRACT (SUPERVALU SUPPLY AGREEMENT)

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 13-64561-fra11    Doc 32    Filed 11/19/13