1 **Albert N. Kennedy**, OSB No. 821429 (Lead Attorney)
  Direct Dial:  (503) 802-2013
2 Facsimile:   (503) 972-3713
  E-Mail:      al.kennedy@tonkon.com
3 **Timothy J. Conway**, OSB No. 851752
  Direct Dial:  (503) 802-2027
4 Facsimile:   (503) 972-3727
  E-Mail:      tim.conway@tonkon.com
5 **Michael W. Fletcher**, OSB No. 010448
  Direct Dial:  (503) 802-2169
6 Facsimile:   (503) 972-3869
  E-Mail:      michael.fletcher@tonkon.com
7 **Ava L. Schoen**, OSB No. 044072
  Direct Dial:  (503) 802-2143
8 Facsimile:   (503) 972-3843
  E-Mail:      ava.schoen@tonkon.com
9 **TONKON TORP LLP**
  1600 Pioneer Tower
10 888 S.W. Fifth Avenue
  Portland, OR  97204
11
       Attorneys for Debtor
12

13              UNITED STATES BANKRUPTCY COURT

14                    DISTRICT OF OREGON

15  In re                                    Case No.

16  C & K Market, Inc.,                      **DEBTOR'S APPLICATION FOR
                                             ORDER TO EMPLOY EDWARD**
17              Debtor.                      **HOSTMANN, INC. AS CHIEF
                                             RESTRUCTURING OFFICER FOR**
18                                           **DEBTOR**

19          C & K Market, Inc., debtor and debtor-in-possession ("Debtor"), moves this

20  Court for entry of an order approving the employment of Edward Hostmann, Inc. ("EHI") as

21  chief restructuring officer ("CRO") for Debtor on the terms set forth in the engagement letter

22  dated July 10, 2013, a copy of which is attached hereto as **Exhibit 1** ("Engagement Letter").

23  Debtor makes this Application pursuant to 11 U.S.C. § 327 and Federal Rule of Bankruptcy

24  Procedure 2014.  In support of this Motion, Debtor incorporates the statements contained in

25  the Declaration of Edward Hostmann in Support of First Day Pleadings ("First Day

26  Declaration") filed contemporaneously herewith, and further respectfully states as follows:

**Page 1 of 4** -  DEBTOR'S APPLICATION FOR ORDER TO EMPLOY EDWARD HOSTMANN,
             INC. AS CHIEF RESTRUCTURING OFFICER FOR DEBTOR

1        1.        On November 19, 2013 (the "Petition Date"), Debtor filed its

2  voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

3        2.        Debtor has continued in possession of its property and is continuing to

4  operate and manage its business as debtor-in-possession pursuant to Sections 1107(a) and

5  1108 of Title 11 of the United States Code.

6        3.        No request has been made for the appointment of a trustee or

7  examiner, and no official committee of unsecured creditors has been appointed in Debtor's

8  case.

9        4.        The Court has jurisdiction over this matter pursuant to 28 U.S.C.

10  §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

11  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

12        5.        C & K is a family owned grocery store company headquartered in

13  Brookings, Oregon.  Ray Nidiffer founded the company in 1956 with a single store in

14  Brookings.  Over the next 50 years, the Nidiffer family and its employees grew the company

15  to a chain of 60 stores, operating mostly in small rural communities, with 41 stores in Oregon

16  and 19 stores in northern California.  The stores operate under the banners Ray's Food Place,

17  Shop Smart and C & K Market ("Market").  Market employs over 2,300 employees,

18  approximately 57% of whom are full-time.  Market has an average biweekly payroll in

19  excess of $2,700,000 and provides family health insurance for all its full-time employees.

20        6.        On April 19, 2013, EHI began providing financial consulting advice to

21  Debtor.  On July 11, 2013, Debtor's Board of Directors appointed EHI as CRO of Debtor.

22        7.        Debtor believes EHI is well suited to continue its work on Debtor's

23  behalf.  EHI is a leader in the national turnaround industry with substantial expertise in

24  corporate finance, management, restructuring and turnarounds.  Importantly, EHI has been

25  involved in working on the prepetition restructuring of Debtor's business, and has a thorough

26  understanding of Debtor's businesses and the issues involved in this case.

**Page 2 of 4** -   DEBTOR'S APPLICATION FOR ORDER TO EMPLOY EDWARD HOSTMANN,
                      INC. AS CHIEF RESTRUCTURING OFFICER FOR DEBTOR

1    8.    Subject to Court approval, Debtor has agreed to compensate EHI on

2    an hourly basis in accordance with EHI's ordinary and customary hourly rates in effect on the

3    date services are rendered.  The professional who will be primarily responsible for providing

4    these services and his hourly billing rate is as follows:

5                    Edward C. Hostmann                    $435.00

6    Edward C. Hostmann's hourly fees will not exceed $16,000 per week.  EHI will maintain

7    contemporaneous time records of fees and expenses incurred in rendering its services, and

8    payment of such fees and expenses will be subject to application and approval of the Court.

9    9.    EHI has not agreed to any variations from, or alterations to, its

10    standard or customary billing arrangements for this engagement.

11    10.    None of the EHI professionals included in this engagement have

12    varied their rate based on the geographic location of this bankruptcy case.

13    11.    EHI is billing Debtor at the same effective rates that it billed

14    prepetition.

15    12.    To the best of Debtor's knowledge, except as stated in EHI's Rule 2014

16    Verified Statement of Proposed Professional, EHI has no other connection with Debtor, its

17    creditors, any other party in interest, or their respective attorneys or accountants, the United

18    States trustee, or any person employed in the office of the United States Trustee.

19    13.    As disclosed in the Rule 2014 Verified Statement for Professional filed

20    herewith, prior to the filing of the bankruptcy petition, EHI received a retainer from Debtor

21    and applied a portion of that retainer for prepetition services and costs rendered prior to the

22    filing of the bankruptcy, including the Chapter 11 filing fee.  The remaining balance is held

23    as a retainer.

24    14.    Within the 12-month period preceding the Petition, EHI provided

25    consulting and CRO services to Debtor.  The total cost of such services prior to the filing of

26

**Page 3 of 4** -  DEBTOR'S APPLICATION FOR ORDER TO EMPLOY EDWARD HOSTMANN,
          INC. AS CHIEF RESTRUCTURING OFFICER FOR DEBTOR

1  the Petition, and payments for those services, are disclosed on the attached Rule 2014

2  Verified Statement for Proposed Professional.

3          15.     A proposed Order Authorizing Employment of EHI as CRO for

4  Debtor is attached as **Exhibit 2**.

5          For the reasons stated in this Application, Debtor requests that the Court enter

6  an order authorizing it to employ EHI as Debtor's CRO in this Chapter 11 case as of the

7  Petition Date, with compensation and reimbursement of expenses to be paid as an

8  administrative expense in such amounts as may be allowed by this Court after notice and

9  hearing pursuant to Section 330 of the Bankruptcy Code or as otherwise provided by Court

10 order.

11         DATED this 20th day of November, 2013.

12                              TONKON TORP LLP

13

14                              By */s/ Ava L. Schoen*
                                    Albert N. Kennedy, OSB No. 821429
15                                  Timothy J. Conway, OSB No. 851752
                                    Michael W. Fletcher, OSB No. 010448
16                                  Ava L. Schoen, OSB No. 044072
                                    Attorneys for Debtor

17

18

19

20

21

22

23

24

25

26

**Page 4 of 4** -   DEBTOR'S APPLICATION FOR ORDER TO EMPLOY EDWARD HOSTMANN,
                    INC. AS CHIEF RESTRUCTURING OFFICER FOR DEBTOR

# EXHIBIT 1

## ENGAGEMENT LETTER

 **EDWARD HOSTMANN, INC.**

4/19/2013

Gregory L. Sandeno
President/Chief Executive Officer
C&K Markets
615 5th Street
Brookings, OR 97415

                    Re:C&K Markets

Dear Greg:

        It has been a pleasure discussing the prospect engagement of our company. Based upon the terms and conditions contained in this letter, we have agreed to assist you in the following manner:

        Acting in our capacity as financial consultants advising and assisting C&K in communicating with lenders, preparing plans and projections and executing on prepared plans and projections.

        Our fees for this project are based upon our current hourly rates as follows:

|  |  |
|---|---|
| Edward Hostmann | $475. |
| Associates | $335. |

        We typically adjust rates annually to reflect, among other things, changes in general economic and market conditions. Our office bills for time expended on your behalf, including telephone discussions, correspondence, meetings, document and financial review and preparation, travel, and other such tasks. We also bill you for documented reasonable out of pocket costs and expenses incurred by our office, which include travel expenses, long distance telephone charges, photocopy expenses, typing, research, computer usage, our legal counsel, any applicable sales or excise taxes and other out-of-pocket expenses.

        We will provide you with billing statements on a weekly. All bills are due upon receipt. Invoices delinquent for more than 30 days will be subject to a late payment charge of 9% annually. We may, at our option, suspend work until delinquent invoices are paid in full, seek to recover the balance due (together with collection expenses including costs, disbursements allowed by law, and reasonable attorney fees and reasonable out of pocket costs expenses, including those on appeal), or pursue any other remedy available. If you have any questions about our billing statements, please notify us immediately so we can discuss any issues. Your

1

agreement to pay our fees and costs on the terms described in this letter is an important requirement of our engagement.

Our policy is to request a retainer in most circumstances. As we discussed, we request a retainer of $50,000 as security for the payment of your fees and expenses in this matter. This retainer will be applied to your final invoice in this matter. As it will be applied against your final invoice, the payment of the retainer will not relieve you of your continuing obligation to pay and keep current all invoiced amounts. If we foresee substantial out-of-pocket costs on some future matter, we may ask you to pay them directly or to fund them in advance. If you fail to pay promptly any requested advance, we will have the right to withdraw from further engagement.

Given the unique nature of this engagement, it is important to us that you indemnify us in connection with this engagement. Therefore, by signing below you agree to defend and indemnify EHI and each present and future shareholder, director, officer, and authorized representative of EHI for, from, and against any and all claims, actions, proceedings, damages, liabilities, and expenses of every kind, whether known or unknown, including but not limited to reasonable attorney's fees, resulting from or arising out of all activities we may undertake on your behalf, to the extent not caused by our gross negligence or willful misconduct. In addition, you expressly agree to procure and maintain at all times general liability insurance with coverage in an amount of no less than $5,000,000, which policy shall name Edward Hostmann, Inc., and Edward C. Hostmann as additional insured. You shall, as reasonably requested, provide to Edward Hostmann, Inc. satisfactory evidence of insurance and your compliance with this requirement.

In the course of this engagement, EHI may prepare certain financial analyses (including, without limitation, a liquidation analysis, budget-to-actual comparisons basis; cash flow, loan balance and availability forecasts; and balance sheet/profit and loss statements and forecasts) on a historic, current and forward looking basis (collectively the "Financial Analyses"). These Financial Analyses incorporate and are the product of certain unique methodologies, formulations, techniques, systems, models, formats and features (collectively the "EHI Methodologies") that have been developed by EHI over considerable time and as a result of the investment of significant effort and resources. The EHI Methodologies are confidential and proprietary information of EHI. Your engagement of EHI does not convey to you any proprietary or other ownership of, any right or interest in, or any right of access to, the EHI Methodologies. You may not reproduce, display, adapt, modify or distribute the EHI Methodologies for any purpose whatsoever, provided that you shall be entitled to share the EHI Methodologies with your officers, directors, employees, advisors and agents. If Financial Analyses are prepared by EHI as a part of this engagement, the sole obligation of EHI with respect thereto is to furnish you with a confidential copy of the Financial Analyses, either in a file or "hard" copy. You expressly understand and acknowledge that EHI shall have no obligation to describe, share, open, alter or otherwise disclose the EHI Methodologies or any portion thereof whether as part of this engagement or otherwise.

You may terminate our engagement at any time by notifying us in writing. We may terminate the engagement upon notice to you if you fail to fulfill your obligations under this

2

agreement. The termination of our services, whether initiated by you or us, will not affect your responsibility for payment of outstanding statements, for fees accrued and costs incurred before termination, or for fees and costs accrued or incurred thereafter in connection with an orderly transition of the matter.

We will perform our services in a manner which, we believe, will permit the business operations of the Company to proceed in an orderly manner, subject to the requirements of this engagement; our personnel will need to be on site to review data located at the offices of the Company and to discuss matters with its personnel.

Our reports will encompass only matters that come to our attention in the course of our work that we perceive to be significant in relation to the objectives of our engagement. Because of the time and scope limitations implicit in our engagement and the related limitations on the depth of our analyses and the extent of our verification of information, we may not discover all such matters or perceive their significance. Accordingly, we will be unable to and will not provide assurances in our reports concerning the integrity of the information used in our analyses and on which our findings and advice to you. We understand that we are not being requested to perform an audit or to apply generally accepted auditing standards or procedures. We understand that we are entitled, in general, to rely on the accuracy and validity of the data disclosed to us or supplied to us by employees and representatives of the Company. We will not, nor are we under any obligation to update data submitted to us or review any other areas unless you specifically request us to do so.

Our work will be performed on a "level-of-effort" basis; that is, the circumstances of our engagement may cause our advice to be limited in certain respects based upon, among other matters, the extent of sufficient and available data and the opportunity for supporting investigations in the time period.

It is understood that if any of the employees of EHI are required to testify at any administrative or judicial proceedings relating to this matter, including without limitation those before the Bankruptcy Court, EHI will be compensated at our regular hourly rates, in effect at the time, and reimbursed for reasonable out-of-pocket expenses (including reasonable counsel fees).

Pursuant to EHI's document retention policy, in general, short-term documents will be destroyed when no longer relevant to the related matter (such as when a draft report has been superseded or if the information is available publicly or from the Company). Ongoing client files will be retained, in either hard copy or electronic format, for six (6) months following the conclusion of our engagement, after which time you will be provided written notice that the file will be scheduled for destruction. You and the Company may obtain copies of all or any portion of your file at any time prior to its destruction.

This Agreement (a) constitutes the entire agreement of the parties with respect to the subject matter hereof and supersedes any other communications, understandings or agreements (both written and oral) among the parties with respect to the subject matter hereof, and (b) may be modified, amended or supplemented only by written agreement among all the parties hereto.

3

It is our intention to work closely with you and to discuss our engagement regularly. This should facilitate our progress and serve to confirm or modify the scope of our engagement on an ongoing basis.

We look forward to working with you on this matter. Please sign and return a copy of this engagement letter signifying your agreement with the terms and provisions herein. If you have any questions, please call Ed Hostmann at 503-968-6542.

I look forward to working with you on this engagement. Please indicate your agreement with the foregoing by signing and returning to us a copy of this letter, together with a $ 50,000 check for the retainer (payable to Edward Hostmann, Inc.).

Very truly yours,

EDWARD HOSTMANN, INC.

Edward Hostmann, President

**The foregoing terms and conditions relating to the engagement of Edward Hostmann Inc. are agreed to on this** __26th__ **day of** _____April_____ .

C&K Market, Inc.

By: _____

Gregory L. Sandeno
President / Chief Executive Officer

# EXHIBIT 2

## PROPOSED FORM OF ORDER

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| In re | Case No. |
|---|---|
| C & K Market, Inc., | **ORDER GRANTING DEBTOR'S APPLICATION FOR ORDER TO EMPLOY EDWARD HOSTMANN, INC. AS CHIEF RESTRUCTURING OFFICER FOR DEBTOR** |
| Debtor. | |

THIS MATTER having come before the Court upon Debtor's Application for

Order to Employ Edward Hostmann, Inc. as Chief Restructuring Officer for Debtor (the

"Application") [Dkt. #_____]; the Court having reviewed the Application, the Rule 2014

Verified Statement for Professional, and the First Day Declaration and having considered the

statements of counsel and the evidence adduced with respect to the Application at a hearing

before the Court (the "Hearing"); and the Court having found that (1) the Court has jurisdiction

over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (2) venue is proper in this district

pursuant to 28 U.S.C. §§ 1408 and 1409, (3) this is a core proceeding pursuant to 28 U.S.C.

§ 157(b), and (4) notice of the Application and the Hearing was sufficient under the

circumstances; and after due deliberation the Court having determined that the relief requested in

**Page 1 of 2** - ORDER GRANTING DEBTOR'S APPLICATION FOR ORDER TO EMPLOY
EDWARD HOSTMANN, INC. AS CHIEF RESTRUCTURING OFFICER FOR
DEBTOR

the Application is in the best interests of Debtor, its estate and the creditors; and good and

sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1.    The Application is granted.

2.    In accordance with Bankruptcy Code Section 327(a), Debtor is authorized

to retain and employ Edward Hostmann, Inc. as its Chief Restructuring Officer as of the Petition

Date to perform all of the services set forth in the Application, on the terms set forth in the

Application.

3.    Edward Hostmann, Inc.'s compensation shall be subject to Court approval

in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of

Bankruptcy Procedure, and the Local Rules of this Court, including any procedures that may be

established under Local Rule 2016-1.

# # #

I certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

Presented by:

TONKON TORP LLP


By _____
     Albert N. Kennedy, OSB No. 821429
     Timothy J. Conway, OSB No. 851752
     Michael W. Fletcher, OSB No. 010448
     Ava L. Schoen, OSB No. 044072
     888 S.W. Fifth Avenue, Suite 1600
     Portland, OR  97204-2099
     Telephone:    503-221-1440
     Facsimile:    503-274-8779
     E-mail:    al.kennedy@tonkon.com
                 tim.conway@tonkon.com
                 michael.fletcher@tonkon.com
                 ava.schoen@tonkon.com
     Attorneys for Debtor

cc:    List of Interested Parties


**Page 2 of 2** - ORDER GRANTING DEBTOR'S APPLICATION FOR ORDER TO EMPLOY
              EDWARD HOSTMANN, INC. AS CHIEF RESTRUCTURING OFFICER FOR
              DEBTOR

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                        )
                                             )   Case No. _____
                                             )
                                             )   RULE 2014 VERIFIED STATEMENT
Debtor(s)                                    )   FOR PROPOSED PROFESSIONAL

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1.  The applicant is not a creditor of the debtor except:


2.  The applicant is not an equity security holder of the debtor.

3.  The applicant is not a relative of the individual debtor.

4.  The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5.  The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6.  The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7.  The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8.  The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9.  The applicant is not a person in control of the debtor.

10. The applicant is not a relative of a director, officer or person in control of the debtor.

11. The applicant is not the managing agent of the debtor.

12. The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13. The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)).  Please list and explain the relationship between the debtor and the affiliate:

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

I verify that the above statements are true to the extent of my present knowledge and belief.

_____
Applicant

1

CERTIFICATE OF SERVICE

2

I hereby certify that the foregoing **DEBTOR'S APPLICATION FOR**
**ORDER TO EMPLOY EDWARD HOSTMANN, INC. AS CHIEF RESTRUCTURING**

3

**OFFICER FOR DEBTOR** was served on the parties indicated as "ECF" on the attached
List of Interested Parties by electronic means through the Court's Case

4

Management/Electronic Case File system on the date set forth below.

5

In addition, the parties indicated as "Non-ECF" on the attached List of
Interested Parties were served by mailing a copy thereof in a sealed, first-class postage

6

prepaid envelope, addressed to each party's last-known address and depositing in the
U.S. mail at Portland, Oregon on the date set forth below.

7

DATED this 20th day of November, 2013.

8

TONKON TORP LLP

9

10

By */s/ Ava L. Schoen*

11

Albert N. Kennedy, OSB No. 821429
Timothy J. Conway, OSB No. 851752

12

Michael W. Fletcher, OSB No. 010448
Ava L. Schoen, OSB No. 044072

13

Attorneys for Debtor

14

15

16

17

18

19

20

21

22

23

24

25

26

**Page 1 of 1** -   CERTIFICATE OF SERVICE

## <u>LIST OF INTERESTED PARTIES</u>

### *In re C & K Market, Inc.*
### U.S. Bankruptcy Court Case No. 13-64561-fra11

### ECF PARTICIPANTS

- RICHARD T ANDERSON rick@andersonmonson.com, lisa@andersonmonson.com
- TIMOTHY J CONWAY tim.conway@tonkon.com, nancy.kennedy@tonkon.com
- MICHAEL W FLETCHER michael.fletcher@tonkon.com, leslie.hurd@tonkon.com;andy.haro@tonkon.com
- DAVID A FORAKER david.foraker@greenemarkley.com, joyce.chartrand@greenemarkley.com
- THOMAS A HUNTSBERGER tom@tahpc.com
- GREGG D JOHNSON gdj@aterwynne.com, jmh@aterwynne.com
- ROBERT B KAPLAN rbk@jmbm.com
- ALBERT N KENNEDY al.kennedy@tonkon.com, leslie.hurd@tonkon.com;andy.haro@tonkon.com
- JEFFREY C MISLEY jeffm@sussmanshank.com, ecf.jeffrey.misley@sussmanshank.com
- TERESA H PEARSON teresa.pearson@millernash.com, lisa.conrad@millernash.com;brenda.hale@millernash.com
- AVA L SCHOEN ava.schoen@tonkon.com, larissa.stec@tonkon.com
- US Trustee, Eugene USTPRegion18.EG.ECF@usdoj.gov

### NON-ECF PARTICIPANTS

**SECURED CREDITORS**

U.S. Bank N.A.
c/o Michael R. Stewart
Faegre Baker Daniels LLP
90 South Seventh St. #2200
Minneapolis, MN 55402-3901

Banc of America
  Leasing & Capital LLC
2059 Northlake Parkway 4 South
Tucker, GA 30084

Dell Financial Services LLC
Mail Stop-PS2DF-23
One Dell Way
Round Rock, TX 78682

James D. Gillespie
28274 S. Fork Rd.
Dayville, OR 97825

Greatway Center Property LLC
8816 E. Evans Creeks
Rogue River, OR 97537

Green & Frahm
941 Delsie Dr.
Grants Pass, OR 97527

Komlofske Corp.
1535 E. 3rd St.
Prineville, OR 97754

Ken and Lynda Martin
80380 Torreon Way
La Quinta, CA 92253

Protective Life
2801 Highway 280 South
Birmingham, AL 35202

**TOP 20 UNSECURED CREDITORS**

Endeavour Structured Equity &
  Mezzanine Fund I, LP
c/o Pamela K. Webster
Buchalter Nemer
1000 Wilshire Blvd. # 1500
Los Angeles, CA 90017-2457

THL Credit, Inc.
Pamela K. Webster
Buchalter Nemer
1000 Wilshire Blvd. #1500
Los Angeles, CA 90017-2457

Supervalu
101 Jefferson Ave. So
Hopkins, MN 55343

Western Boxed Meat Inc.
2401 NE Argyle St.
Portland, OR 97211

United Salad Co
8448 NE 33rd Dr. #100
Portland, OR 97211-2163

Umpqua Dairy Products
6823 NE 59th Pl
Portland, OR 97218

Bigfoot Beverages
86776 McVay Hwy.
Eugene, OR 97405

Core-Mark Intl
395 Oyster Point Blvd., #415
So. San Francisco, CA 94080

VPD IV Inc.
6051 S Watt Ave.
Sacramento, CA 95829

J B Hunt
File #98545
615 J.B. Hunt Corporate Dr.
Lowell, AR 97245

Komlofske Corp.
1535 E. 3rd St.
Prineville, OR 97754

Tarks, Inc.
3752 Colver Rd.
Phoenix, OR 97535

Willamina Foods, LLC
8630 SW Scholls Ferry Rd.
Beaverton, OR 97008

Marc and Charlotte Gould
5494 Goodrich Hwy.
Oakland, OR 97462

Marc and Charlotte Gould
c/o Raymond M. Ramsay
Ramsay & Stein PC
4285 Commercial St SE #140
Salem, OR 97302

S and J Reed, Inc.
c/o Steve Reed
2100 Pine Gate Way
White City, OR 97503

Nor-Cal Produce Inc.
2995 Oates St.
West Sacramento, CA 95691

The News Group
3995 70th Ave. E #B
Fife, WA 98424-1126

Pacific Power & Light Co.
1033 NE 6th Ave.
Portland, OR 95256-9199

Coca Cola Bottling Company
15333 SW Sequoia Pkwy.
Portland, OR 97224

Reser's Fine Foods Inc.
15570 SW Jenkins Rd.
Beaverton, OR 97006

**OTHER**

Nidiffer Family LLC
c/o David A. Foraker
Greene & Markley, P.C.
1515 SW Fifth Ave., Suite 600
Portland, OR 97201

Edward Hostmann, Inc.
5200 SW Meadows Rd., #150
Lake Oswego, OR 97035

034518/00017/4941362v1