UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| In re | Case No. 13-64561-fra11 |
|---|---|
| C & K Market, Inc., | **DEBTOR'S NOTICE OF INTENT TO SELL PROPERTY FREE AND CLEAR OF LIENS** |
| Debtor. | |

  NOTICE IS GIVEN that C & K Market, Inc. ("Debtor") has contemporaneously filed a Motion to Sell Property Free and Clear of All Liens, Claims and Encumbrances (the "Motion") and intends to sell certain equipment and inventory (the "Property") identified in the Motion and Agreement attached hereto as **Exhibit 1**.

  YOU ARE NOTIFIED that unless you file an objection to the proposed action no later than 21 days after the service date and set forth the specific grounds for the objection and your relation to the case, with the Clerk of Court at 405 E. 8th Ave., #2600, Eugene, OR 97401and serve it on Debtor's counsel, Ava Schoen, Tonkon Torp LLP, 888 SW Fifth Ave., #1600, Portland, OR 97204, the undersigned will proceed to take the proposed action, or apply for an order if required, without further notice or a hearing. If an objection to the proposed action is filed, the hearing will take place on March 5, 2014 at 11:00 a.m. in Courtroom No. 6 of the U.S. Bankruptcy Court located at 405 E. 8th Ave., #2600, Eugene, OR 97401.

  The information pertaining to the sale is as follows:

  1. Debtor relies on 11 U.S.C. § 363(f)(2) on the grounds that U.S. Bank, National Association ("U.S. Bank") consents to the sale.

  2. The Property will be sold by Debtor to SMJ, LLC ("SMJ") by private sale. SMJ is not an insider of Debtor and Debtor has no prior relationship with SMJ.

  3. The Property consists of certain equipment and inventory set forth in **Exhibit 1**.

  4. Additional information about the Property may be obtained by contacting Matthew Morris at The Food Partners at 202-589-0430 or msmorris@thefoodpartners.com.

  5. The terms and condition of sale are a private sale for a total maximum purchase price of $230,000 to close by March 15, 2014. The proceeds of the sale will go to pay down Debtor's obligations to U.S. Bank.

  6. The sale is not of substantially all of the Debtor's assets.

  7. Competing bids for the Property must be submitted to counsel for Debtor, Ava Schoen, Tonkon Torp LLP, 888 SW Fifth Ave., #1600, Portland, OR 97204 within five business days of the date of this Notice of Intent is served and must exceed the above offer by at least $20,000 and be on the same or more favorable terms to the estate.

  8. The estate does not have any equity in the property. The secured lender, U.S. Bank, holding an interest in the Property has consented to the sale.

**Page 1 of 2**- DEBTOR'S NOTICE OF INTENT TO SELL PROPERTY FREE AND CLEAR OF LIENS

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

9. The reason for proposing the sale in advance of confirmation of a plan of reorganization is that the estate will benefit (i) by ridding Debtor of assets it does not need to operate and (ii) by paying down Debtor's obligations to U.S. Bank.

DATED this 5th day of February, 2014.

TONKON TORP LLP

By */s/ Ava L. Schoen*
Albert N. Kennedy, OSB No. 821429
Timothy J. Conway, OSB No. 851752
Michael W. Fletcher, OSB No. 010448
Ava L. Schoen, OSB No. 044072
Attorneys for Debtor

I hereby certify that I served copies of the above Notice on the parties indicated as "ECF" on the attached List of Interested Parties by electronic means through the Court's Case Management/Electronic Case File system on the date set forth below. In addition, I caused Kurtzman Carson Consultants LLC ("KCC") to serve the foregoing on February 5, 2014, on the parties indicated as "Non-ECF" on the attached List of Interested Parties by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to each party's last-known address and depositing in the U.S. mail on the date set forth below.

I further certify that on February 5, 2014, a copy of this document was served by KCC, pursuant to FRBP 7004, on the debtor, trustee, if any, U.S. Trustee, each named lien holder, Creditors' Committee Chairperson, if any, and their respective attorneys; and that a copy was also served that date, pursuant to FRBP 2002(a), on all creditors and parties requesting special notice as listed in the Court's records that were obtained on February 3, 2014.

DATED this 5th day of February, 2014.

TONKON TORP LLP

By */s/ Ava L. Schoen*
Albert N. Kennedy, OSB No. 821429
Timothy J. Conway, OSB No. 851752
Michael W. Fletcher, OSB No. 010448
Ava L. Schoen, OSB No. 044072
Attorneys for Debtor

# EXHIBIT 1

## AGREEMENT FOR PURCHASE OF BUSINESS ASSETS

# AGREEMENT FOR PURCHASE OF BUSINESS ASSETS

**BETWEEN**  C & K Market, Inc.  (Seller)
 an Oregon corporation

**AND:**  SMJ, LLC
 an Oregon limited liability company
 (Buyer)

**EFFECTIVE DATE:**  The latest date this agreement is signed by all parties.

## RECITALS

A.  Seller operates a supermarket business known as "Ray's Food Place" (Business), located at 112 West Main Street, Willamina, Oregon 97396 (Business Premises).

B.  Buyer desires to purchase from Seller, and Seller desires to sell to Buyer, certain assets of the Business on the terms and conditions set forth in this agreement.

C.  Seller's assets of the Business which are the subject of this agreement are as follows (collectively, Assets):

   1.  The furniture, fixtures, telephone numbers, and equipment described on attached Exhibit A (Equipment).

   2.  The inventory of merchandise and stock in trade of the Business (Inventory); provided, however, that Inventory shall exclude private label merchandise, videos, and any merchandise that is damaged, that is within seven days of its expiration or "pull date", or that the parties have agreed upon inspection is nonsaleable (Excluded Inventory).

## AGREEMENT

1.  **Purchase and Sale**.  Seller agrees to sell the Assets to Buyer, and Buyer agrees to purchase the Assets from Seller, for the prices and upon the terms and conditions that follow.

2.  **Excluded Property**.  Any property or assets that are not included in the description of Assets in Recital C and are not set forth on attached Exhibit A shall be excluded from the sale and purchase under this agreement, including, without limitation, the names "C&K Market" and "Ray's Food Place", receivables, lottery tickets, Excluded Inventory cash, and contracts. At or before Closing (defined in paragraph 6), Seller shall remove from the Business Premises all tangible excluded property.

3.  **No Liability Assumed**.  Seller shall be responsible for all costs, expenses, obligations, and liabilities of the Business through the Closing. Buyer will not assume any obligations or

liabilities of Seller in connection with the transaction contemplated by this agreement (Transaction).

4.  **Purchase Price and Payment**. The purchase prices for the Assets are as follows (collectively, the Purchase Price):

    4.1. The purchase price for the Equipment is $100,000.00, which Buyer shall pay to Seller in full at Closing.

    4.2. The purchase price for the Inventory, which Buyer shall pay to Seller in full at Closing, shall be determined by an inventory taken after the close of business on the day before the Closing Date (defined in paragraph 6) by an inventory service hired by Buyer at Buyer's expense and reasonably acceptable to Seller. The purchase price for the Inventory shall be an amount equal to 65% of the retail price of the Inventory, but shall in no event exceed One Hundred Thirty Thousand Dollars ($130,000.00). For the avoidance of doubt, the Inventory to be purchased by Buyer under this agreement shall not include the Excluded Inventory.

5.  **Deposit**. Concurrently with the execution and delivery of this Agreement, Buyer has paid $25,000 into an escrow account with the escrow agent as a deposit (Deposit). If the Closing occurs, then the Deposit shall be applied to the Purchase Price. If this agreement is terminated and any contingency described in Section 9 has not been satisfied or waived at the time of such termination, then the Deposit shall be refunded to Buyer. If this agreement is terminated and the contingencies described in Section 9 of this agreement have been satisfied or waived at the time of such termination, then the Deposit shall be paid to Seller as liquidated damages.

6.  **Closing**. The closing (Closing) of the Transaction shall take place at the offices of a title company mutually agreeable to the parties, which title company shall act as escrow agent for deposits, payments, documents and Closing. The Closing shall take place on the second business day after the contingencies described in Section 9 below have been satisfied or waived, but in any event not later than March 15, 2014 (Outside Closing Date). The date on which Closing occurs is referred to in this agreement as the Closing Date. For purposes of this agreement, the Closing will be deemed to have occurred effective as of 12:01 a.m. on the Closing Date.

7.  **Closing Matters**. At Closing, Seller shall execute and deliver to the escrow agent a bill of sale for the Assets, with covenants of title, free and clear of all liens and encumbrances and the rights and interests of others, in form and substance reasonably acceptable to Buyer, transferring the Equipment and Inventory to Buyer. At Closing, Buyer shall deliver to the escrow agent its payment in the amount of the Purchase Price, less the Deposit. There shall be no prorates at Closing. Escrow fees shall be shared equally between Buyer and Seller.

8.  **Due Diligence Investigation.**

    8.1. Buyer shall have until 5:00 p.m. PDT on that date which is twenty (20) days after the Effective Date, but in no event later than February 15, 2014 (the Feasibility Due Date) to complete, at Buyer's sole cost and expense, a due diligence investigation of the Business and the Assets.

8.2. Between the Effective Date and the Feasibility Due Date, Buyer may conduct such studies, investigations, and work as Buyer, in Buyer's reasonable discretion and at Buyer's cost, deems appropriate and necessary in connection with such due diligence investigation. Upon twenty-four (24) hours notice to, and in coordination with, Seller, Buyer shall be allowed access to the Business Premises to inspect the Equipment and the Inventory, which inspections Buyer will conduct at such times and in such a manner to minimize any disruption to the Business

8.3. Buyer may, by delivering written notice to Seller by 5:00 p.m. PDT on the Feasibility Due Date, terminate this agreement if the results of its due diligence investigation are not satisfactory to Buyer in its reasonable discretion. If Buyer does not deliver such written notice to Seller by 5:00 p.m. PDT on the Feasibility Due Date, then the results of Buyer's due diligence investigation shall be deemed to be satisfactory to Buyer and Buyer shall have no right to terminate this agreement pursuant to this Section 8.3.

9. **Contingencies.** Buyer's obligation to close the Transactions is subject to the satisfaction or waiver by Buyer of each of the following conditions precedent:

9.1. Buyer shall have not exercised its right to terminate this agreement by 5:00 p.m. PDT on the Feasibility Due Date pursuant to Section 8.3.

9.2. Seller shall have provided to Buyer proof of U.S. Bankruptcy Court approval of this agreement and the Transaction.

9.3. Seller shall have provide to Buyer, within five (5) days after the Effective Date: (i) documents pertaining to any employment benefits provided to employees of the Business; and (ii) a copy of Seller's Employee Handbook.

9.4. Buyer shall have obtained all necessary licenses and permits for the operation of the Business, including, without limitation, an OLCC license, WIC license, Food Stamps license, and Oregon Lottery license.

9.5. Seller shall have executed a non-compete agreement, in form and substance mutually acceptable to the parties, prohibiting Seller from competing with the Business within a ten (10) mile radius of the Business Premises for a three (3) year period following the Closing Date.

9.6. Seller shall have paid or made arrangements for the payment of any "transfer fee" or other amounts (if any) payable to any vendor or supplier of the Business under any agreement to which Seller is a party to the extent such fee or other amounts result from the consummation of the Transaction.

Buyer will use reasonable efforts to fulfill all the conditions to Buyer's obligations under this agreement, and shall do all acts and things as may be reasonably required to carry out Buyer's obligations and to consummate the Transaction.

10. **Notification to Utility Companies.** Buyer and Seller shall promptly notify all utility companies servicing the Business Premises of the impending sale and the Closing Date and request that those companies deliver to Seller by the Closing Date the final bill as of the Closing Date. Deposits on account with any utility company servicing the Business Premises shall be recoverable by Seller from the utility companies and Buyer shall post Buyer's own deposits with the applicable utility companies.

11. **Operation of Business Pending Closing.** From the Effective Date through the Closing or the earlier termination of this agreement pursuant to Section 18, Seller agrees to continue to operate the Business in conformance with applicable laws, ordinances, rules, and regulations. Nothwithstanding anything in this agreement to the contrary, during such period Seller may dispose of the Inventory and the Excluded Inventory from time to time in Seller's discretion.

12. **Employee Matters.** Seller shall promptly deliver to Buyer a list of the names of all employees of the Business, together with payroll information requested by Buyer. Prior to Closing, Seller will not increase the rate of compensation of any employee or effect any changes in management, personnel policies, or benefits except in accordance with existing employment practices. Following execution of this agreement, Seller shall allow Buyer to use Seller's offices for the purpose of conducting interviews with Seller's employees. At Closing, Seller will terminate all of its employees and pay each employee all wages earned, including overtime, commissions and bonuses, and all vacation pay accrued, to the time of termination. Buyer shall have no obligation for any employee compensation, benefits, or claims arising during the time Seller owned the business, and Seller shall have no obligation for any employee compensation, benefits, or claims arising from or after the Closing.

13. **Seller's Representations and Warranties.** In consideration of Buyer entering into this agreement, and as an inducement to Buyer to purchase the Assets, Seller makes the following covenants, representations and warranties to Buyer, each of which is material and is being relied upon by Buyer:

13.1. Seller is the sole owner of the Assets and has the right to sell the same to Buyer and all of the Assets will be free and clear of any and all claims, liens and encumbrances.

13.2. Seller has not entered into any other agreement to sell or grant any option to purchase the Assets or any part thereof.

13.3. To Seller's knowledge, there is no pending or threatened judicial, federal, municipal, or administrative proceeding with respect to, or in any manner affecting, the Assets or any portion thereof.

13.4. There are no commitments to or agreements with any federal, state, or local governmental authority or agency affecting the Assets.

13.5. Seller has obtained, or will obtain prior to closing, all consents, approvals, and authorizations from any person, court, trustee, or other entity, including, without limitation, the

United States Bankruptcy Court, required to be obtained by Seller with respect to Seller's performance of its obligations under this agreement and Seller's consummation of the Transaction. Neither the execution and delivery of this agreement by Seller, nor Seller's performance hereof, are restricted by or violate any contractual or other obligation of Seller, including, without limitation, any restriction or obligation imposed by the United States Bankruptcy Court.

13.6. Seller has not received any notice of any unsafe or other condition that presents a material risk of injury to persons or loss of or damage to property affecting or concerning the Assets or any portion thereof.

13.7. Seller has not received written notice from any governmental authority that the Business Premises or the Equipment is now in violation of any governmental orders, regulations, statutes, or ordinances dealing with the construction, operation, health, safety and/or maintenance of same, except ordinary construction notices delivered by applicable governmental authorities to Seller during construction of improvements of the Business Premises. Seller has not received any written notice of any pending or contemplated condemnation actions with respect to the Business Premises. Seller has not received any written notice of any litigation, action or proceeding or a present or contemplated plan or study by any governmental authority or agency, which in any way challenges or affects or would challenge or affect the use and operation of the Business Premises or the present size, use, alignment, or location of any street, highway, sewer, or other utility facility serving or adjacent to the Business Premises or the taxes or assessments relating thereto.

13.8. Seller has not caused the Business Premises to be used to generate, manufacture, refine, transport, treat, store, handle, dispose, transfer, produce, or process Hazardous Substances (defined below) except as is customary in the operation of a grocery store and have not knowingly caused or knowingly permitted the release of any Hazardous Substance on the Business Premises above applicable clean-up standards or in violation of Environmental Laws. Seller further warrants that they have no actual knowledge of any release of any Hazardous Substances on the Business Premises above applicable clean-up standards or in violation of Environmental Laws. For purposes of this agreement, the term "Hazardous Substances" means any radioactive materials, radon or radon gas, polychlorinated biphenyls, petroleum products, asbestos or asbestos-containing building materials, hazardous waste, hazardous or toxic substances defined in the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended (42 USC §§ 9601, *et seq.*), the Resource Conservation and Recovery Act, as amended (42 USC §§ 6901, *et seq.*), and in the regulations adopted and publications promulgated pursuant thereto, or to any other federal, state, or local governmental law, ordinance, rule or regulation (Environmental Law). Seller further represents and warrants that, to Seller's knowledge: (1) Seller is in compliance in all material respects with all existing Environmental Laws regarding Hazardous Substances; (2) any Hazardous Substances that have been found on the Business Premises during Seller's occupancy of the Business Premises have been handled in all material respects in accordance with all Environmental Laws; (3) Seller is not subject of any environmental enforcement action by any governmental authority; (4) Seller has not received written inquiry or notice of any such action; (5) Seller has not transferred any Hazardous Substance from the Business Premises to another location that is not in compliance in

all material respects with Environmental Laws; (6) to Seller's knowledge, no other person has transferred any Hazardous Substances from the Business Premises to another location that is not in compliance in all material respects with applicable Environmental Laws; and (7) to Seller's knowledge, no governmental agency has expended any money in environmental cleanup activities related to or on the Business Premises.

For purposes of this agreement, the term "knowledge," "known" and similar terms and phrases means, with respect to Seller, the actual knowledge of Seller. Seller's representations and warranties contained here shall be true and correct on the Closing Date with the same force and effect as if remade by Seller in a separate certificate on the Closing Date.

14. **Buyer's Representations and Warranties**. In consideration of Seller entering into this agreement, and as an inducement to Seller to sell the Assets to Buyer, Buyer makes the following covenants, representations, and warranties to Seller, each of which is material and being relied upon by Seller, and the continued truth and accuracy of which shall constitute a condition precedent to Sellers' obligation to consummate the transactions contemplated by this agreement:

14.1. Buyer has the legal power, right and authority to enter into this agreement and the instruments referred to in this agreement, and to consummate the Transaction.

14.2. Buyer has obtained, or will obtain prior to Closing, all consents, approvals, and authorizations from any person required on behalf of Buyer with respect to Buyer's performance of this agreement and the consummation of the Transaction. Neither the execution and delivery of this agreement by Buyer, nor Buyer's performance hereof, are restricted by or violate any material contractual or other obligation of Buyer.

14.3. This agreement and all documents required by this agreement to be executed by Buyer are and shall be valid, legally binding obligations of Buyer enforceable against Buyer in accordance with their terms.

14.4. Buyer has sufficient immediately available funds to pay at the Closing, in cash, the Purchase Price (less the Deposit) and any other amounts payable by Buyer pursuant to this agreement.

15. **Buyer's Acceptance**. Except as expressly stated in this agreement, Buyer acknowledges and agrees that (a) the Assets are being sold to Buyer by Seller on an "AS IS, WHERE IS, AND WITH ALL FAULTS BASIS," AND (b) SELLER HAS NOT MADE OR GIVEN, AND SHALL NOT BE DEEMED TO HAVE MADE OR GIVEN, AND SELLER HEREBY EXPRESSLY DISCLAIMS, ANY REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, WITH RESPECT TO THE ASSETS, INCLUDING, WITHOUT LIMITATION, ANY REPRESENTATION OR WARRANTY AS TO INCOME TO BE DERIVED OR EXPENSES INCURRED IN CONNECTION WITH THE BUSINESS OR THE ASSETS, THE VALUE, QUALITY, DURABILITY, COMPLIANCE WITH SPECIFICATIONS, CONDITION, DESIGN, OPERATION, MERCHANTABILITY, FITNESS OR SUITABILITY OF THE ASSETS OR ANY PORTION THEREOF FOR ANY PARTICULAR USE OR PURPOSE, OR ANY OTHER REPRESENTATION OR WARRANTY OF ANY KIND WHATSOEVER, EXPRESS OR IMPLIED.

16. **Risk of Loss**. Prior to Closing, the risk of loss of the Assets shall be retained by Seller. Seller shall keep the Assets fully insured until Closing. Upon Closing, risk of loss shall be deemed to have transferred to Buyer effective as of 12:01 a.m. PDT on the Closing Date.

17. **Brokers**.

   17.1. Any fee payable to any broker, intermediary, finder or other third party hired or engaged by Seller in connection with the transactions contemplated in this Agreement shall be the sole and exclusive responsibility of Seller.

   17.2. Any fee payable to any broker, intermediary, finder or other third party hired or engaged by Buyer in connection with the transactions contemplated in this Agreement shall be the sole and exclusive responsibility of Buyer.

18. **Termination**. This agreement may be terminated at any time before Closing:

   18.1. By mutual written consent of the parties;

   18.2. By Buyer pursuant to Section 8.3; and

   18.3. By either Buyer or Seller if Closing has not occurred on or before the Outside Closing Date for any reason unrelated to the breach of any provision in this agreement by the terminating party.

19. **Indemnification**.

   19.1. Seller agrees to indemnify, defend and hold Buyer harmless from and against any liability of Seller relating to Seller's operation of the Business at the Business Premises before Closing.

   19.2. Buyer agrees to indemnify, defend and hold harmless Seller, including its affiliates, directors, officers, employees and agents from and against (a) any liability relating to Buyer's operation of the Business at the Business Premises from and after Closing and (b) any claims arising or resulting from a material breach of any representation, warranty or covenant of Buyer under this agreement.

   19.3. In no event will Seller's liability to Buyer under this Agreement exceed the Purchase Price that Seller received from Buyer for the Assets.

20. **Notice**. All notices required by this agreement shall be in writing addressed to the party to whom the notice is directed at the address or facsimile number of that party set forth below the signatures on this agreement and shall be deemed to have been given for all purposes upon (a) receipt when personally delivered; (b) one day after being sent, when sent by recognized overnight courier service; (c) two days after deposit in United States mail, postage prepaid, registered or certified mail; or (d) on the date transmitted by facsimile (with electronic

confirmation of delivery). Any party may designate a different mailing address or facsimile number or a different person for all future notices by notice given in accordance with this paragraph.

21. **Attorney Fees**. In any dispute involving the interpretation or enforcement of this agreement (whether or not such issues relate to the terms of this agreement), the prevailing party shall be entitled to recover from the non-prevailing party reasonable attorney fees, paralegal fees, costs, disbursements, and other expenses incurred by the prevailing party in the dispute, including, without limitation, those arising before and at any trial, arbitration, or other proceeding, and in any appeal or review thereof. In addition, the amount recoverable by the prevailing party shall include an amount estimated as the fees, costs, disbursements, and other expenses that will be reasonably incurred in collecting a monetary judgment or award, or otherwise enforcing any order, judgment, award, or decree entered in the proceeding.

22. **Modification**. No modification of this agreement shall be valid unless it is in writing and is signed by all of the parties.

23. **Integration**. This agreement is the entire agreement of the parties with respect to its subject matter. There are no promises, terms, conditions, or obligations other than those contained in this agreement. This agreement shall supersede all prior communications, representations, and agreements, oral or written, of the parties.

24. **Interpretation**. The paragraph headings are for the convenience of the reader only and are not intended to act as a limitation on the scope or meaning of the paragraphs themselves. This agreement shall not be construed against the drafting party.

25. **Severability**. The invalidity of any term or provision of this agreement shall not affect the validity of any other provision. Any term or provision held invalid only in part or degree will remain in full force and effect to the extent not held invalid.

26. **Waiver**. Waiver by any party of strict performance of any provision of this agreement shall not be a waiver of or prejudice any party's right to require strict performance of the same provision in the future or of any other provision.

27. **Binding Effect**. This agreement shall be binding on and inure to the benefit of the heirs, legal representatives, successors, and assigns of the parties.

28. **Governing Law**. This agreement shall be interpreted and enforced according to the laws of the state of Oregon, without regard to its conflict of laws principles.

29. **Counterparts**. This agreement may be executed in multiple counterparts, each of which shall constitute one agreement, even though all parties do not sign the same counterpart.

30. **Exhibits**. All exhibits referred to in this agreement are incorporated by reference.

[Signature page follows]

**Seller**

**C & K Market, Inc.**

By _[signature]_
Edward Hostmann, Chief Restructuring Officer

Address: 615 5th Street
Brookings, OR 97415

Date: [ 1-30 ], 2014

**Buyer**

**SMJ, LLC**

By _[signature]_
Birpal Johal, Member

Address: 135 S. Bridge Street
Sheridan, OR 97378

Date: [ 1-29 ], 2014

[Signature Page to Agreement for Purchase of Business Assets]

EXHIBIT 1
Page 9 of 14

# EXHIBIT A

## Assets

034518/00017/5231584v2

EXHIBIT 1
Page 10 of 14

```
--------------------------------------------------------------------------------------------------------------
C  ASSET   DATE ACQ     DESCRIPTION           SERIAL NBR LIFE      COST     RECAP NET      PRIOR     12/2013       ACCUM
   31913 10/28/2005  12' HUSSMANN 5 DECK BEER CA A320-683318.0     5,052.00    5,052.00    2,011.47     257.28    2,268.75
   31948 10/28/2005  WALL METRO SHELVES BAK/DEL             7.0      168.00      168.00      168.00         .00      168.00
   38297  6/03/2008  COPELAND CONDENSING UNIT   07F213321120.0    1,524.45    1,524.45      349.34      69.87      419.21
   41641  2/05/2011  HHP DOLPHIN 9550(DSD GUN)               3.0      939.71      939.71      600.37     287.14      887.51
   41642  2/05/2011  HHP DOLPHIN 9550(DSD GUN)               3.0      939.71      939.71      600.37     287.14      887.51
   41643  2/05/2011  HONEYWELL DOLPHIN HOMEBASE              3.0      168.87      168.87      107.89      51.60      159.49
   41644  2/05/2011  HONEYWELL DOLPHIN HOMEBASE              3.0      168.87      168.87      107.89      51.60      159.49
   41645  2/02/2011  NEW DIGI BAKERY PRINTER    0991313212.0       2,542.03    2,542.03      406.02     194.19      600.21
   41646  2/02/2011  NEW DIGI SCALE/PRINTER     1091242912.0       3,160.03    3,160.03      504.73     241.40      746.13
   41647  2/02/2011  NEW DIGI SCALE/PRINTER     1091242412.0       3,160.03    3,160.03      504.73     241.40      746.13
   41648  2/02/2011  NEW DIGI PRE-PK SCALEW/2PRN 0810823012.0      9,090.03    9,090.03    1,451.88     694.38    2,146.26
   41649  2/02/2011  NEW HT SEAL HAND WRAP STATI            12.0    1,942.04    1,942.04      310.19     148.35      458.54
   41650  2/02/2011  LEXMARK E360 PRINTER                    3.0      418.40      418.40      267.31     127.85      395.16
   41651  2/02/2011  LEXMARK E360 PRINTER                    3.0      418.40      418.40      267.31     127.85      395.16
   41652  2/02/2011  LEXMARK T650 PRINTER/CARD               3.0      659.59      659.59      421.40     201.54      622.94
   41653  2/02/2011  FLORAL RACK                            12.0      239.99      239.99       38.33      18.33       56.66
   41654  2/02/2011  KODAK EASYSHARE DIGITAL CAM             3.0      109.41      109.41       69.90      33.43      103.33
   41655  2/02/2011  CANON D420 LASER COPIER                 4.0      297.97      297.97      142.77      68.28      211.05
   41656  2/02/2011  LAMINATOR                               3.0      229.91      229.91      146.89      70.25      217.14
   41657  2/02/2011  SHARP CALCULATOR                        3.0      129.99      129.99       83.05      39.72      122.77
   41658  2/02/2011  SHORETEL PHONE SYSTEM                  12.0    2,540.00    2,540.00      405.70     194.03      599.73
   41659  2/02/2011  WINHOLT ALL PURPOSE STOCK C            12.0      232.00      232.00       37.05      17.72       54.77
   41660  2/02/2011  ELECTRIC RANGE                         12.0      739.34      739.34      118.09      56.48      174.57
   41661  2/02/2011  GROCERY SHELVING                       12.0    3,000.00    3,000.00      479.17     229.17      708.34
   41662  2/02/2011  18X4 METRO SHELF UNIT                   7.0       50.00       50.00       13.69       6.55       20.24
   41663  2/02/2011  18X4 METRO SHELF UNIT                   7.0       50.00       50.00       13.69       6.55       20.24
   41664  2/02/2011  18X4 METRO SHELF UNIT                   7.0       50.00       50.00       13.69       6.55       20.24
   41665  2/02/2011  18X4 METRO SHELF UNIT                   7.0       50.00       50.00       13.69       6.55       20.24
   41666  2/02/2011  18X4 METRO SHELF UNIT                   7.0       50.00       50.00       13.69       6.55       20.24
   41667  2/02/2011  18X4 METRO SHELF UNIT                   7.0       50.00       50.00       13.69       6.55       20.24
   41668  2/02/2011  18X4 METRO SHELF UNIT                   7.0       50.00       50.00       13.69       6.55       20.24
   41669  2/02/2011  18X4 METRO SHELF UNIT                   7.0       50.00       50.00       13.69       6.55       20.24
   41670  2/02/2011  30X6 STAINLESS TABLE-MEAT              12.0      150.00      150.00       23.96      11.46       35.42
   41671  2/02/2011  30X6 POLYTOP TABLE-MEAT                12.0      150.00      150.00       23.96      11.46       35.42
   41672  2/02/2011  30X8 POLYTOP TABLE-PRODUCE             12.0      150.00      150.00       23.96      11.46       35.42
   41673  2/02/2011  30X8 POLYTOP TABLE-PRODUCE             12.0      150.00      150.00       23.96      11.46       35.42
   41674  2/02/2011  3 WELL SINK-DELI                       12.0      900.00      900.00      143.75      68.75      212.50
   41675  2/02/2011  CANDY DISPLAY RACK                      3.0      150.00      150.00       95.83      45.83      141.66
   41676  2/02/2011  3' BLACK VARIETY RACK                   3.0       50.00       50.00       31.95      15.28       47.23
   41677  2/02/2011  3' BLACK VARIETY RACK                   3.0       50.00       50.00       31.95      15.28       47.23
   41678  2/02/2011  MICROWAVE OVEN-FRONT END   003065346mm  3.0       50.00       50.00       31.95      15.28       47.23
   41679  2/02/2011  MICROWAVE OVEN-DELI        7MBR515278M  3.0       50.00       50.00       31.95      15.28       47.23
   41680  2/02/2011  MICROWAVE COUNTER-FRONT END             3.0       50.00       50.00       31.95      15.28       47.23
   41681  2/02/2011  MICROWAVE COUNTER-FRONT END             3.0       50.00       50.00       31.95      15.28       47.23
   41682  2/02/2011  DELI COUNTER                            7.0      400.00      400.00      109.52      52.38      161.90
   41683  2/02/2011  COFFEE COUNTER                          3.0       50.00       50.00       31.95      15.28       47.23
   41684  2/02/2011  PRENTIS CARDBOARD BALER    A621-1       7.0    1,800.00    1,800.00      492.85     235.71      728.56
   41685  2/02/2011  1-DOOR SAFE                             7.0      500.00      500.00      136.91      65.48      202.39
   41686  2/02/2011  4 DRAWER FILE CABINET                   7.0       75.00       75.00       20.53       9.82       30.35
   41687  2/02/2011  4 DRAWER FILE CABINET                   7.0       75.00       75.00       20.53       9.82       30.35
   41688  2/02/2011  4 DRAWER FILE CABINET                   7.0       75.00       75.00       20.53       9.82       30.35
   41689  2/02/2011  4 DRAWER FILE CABINET                  12.0       75.00       75.00       11.98       5.73       17.71
   41690  2/02/2011  PRODUCE CART                            7.0       50.00       50.00       13.69       6.55       20.24
   41691  2/02/2011  4 WHEELER GROCERY CART                  7.0       50.00       50.00       13.69       6.55       20.24
   41692  2/02/2011  CONDENSING UNIT-MEAT CASE               7.0      750.00      750.00      205.35      98.21      303.56
```

```
-------------------------------------------------------------------------------------------------------------------
C  ASSET   DATE ACQ    DESCRIPTION            SERIAL NBR  LIFE     COST     RECAP NET      PRIOR     12/2013    ACCUM
   41693  2/02/2011  COPELAND COMPRESSOR                   7.0    300.00       300.00       82.15      39.29    121.44
   41694  2/02/2011  CONDENSING UNIT W-I FRZR              7.0    750.00       750.00      205.35      98.21    303.56
   41695  2/02/2011  COPELAND COMPRESSOR     0616052R     12.0    750.00       750.00      119.79      57.29    177.08
   41696  2/02/2011  CONDENSING UNIT DAIRY CASE            7.0    750.00       750.00      205.35      98.21    303.56
   41697  2/02/2011  COPELAND COMPRESSOR     05164393R    12.0    750.00       750.00      119.79      57.29    177.08
   41698  2/02/2011  CONDENSING UNIT DELI-MT CAS           7.0    750.00       750.00      205.35      98.21    303.56
   41699  2/02/2011  COPELAND COMPRESSOR     06163636R    12.0    750.00       750.00      119.79      57.29    177.08
   41700  2/02/2011  CONDENSING UNIT-PRODUCE               7.0    400.00       400.00      109.52      52.38    161.90
   41701  2/02/2011  COPELAND COMPRESSOR     90F040389     3.0    300.00       300.00      191.67      91.67    283.34
   41702  2/02/2011  CONDENSING UNIT MEAT W-I              7.0    400.00       400.00      109.52      52.38    161.90
   41703  2/02/2011  COPELAND COMPRESSOR     09C14099B     7.0    350.00       350.00       95.83      45.83    141.66
   41704  2/02/2011  18X20 DAIRY W-I COOLER               12.0    500.00       500.00       79.86      38.20    118.06
   41705  2/02/2011  7X11 PRODUCE W-I COOLER              12.0    500.00       500.00       79.86      38.20    118.06
   41706  2/02/2011  8X16 MEAT W-I COOLER                 12.0    500.00       500.00       79.86      38.20    118.06
   41707  2/02/2011  14X20 WALK-IN FREEZER                12.0    500.00       500.00       79.86      38.20    118.06
   41708  2/02/2011  BOHN 3-FAN EVAP COIL DELI W D05G0980812.0    950.00       950.00      151.74      72.57    224.31
   41709  2/02/2011  LARKIN 1-FAN ECAP COIL PROD D01F1044812.0    500.00       500.00       79.86      38.20    118.06
   41710  2/02/2011  RUSSELL 2-FAN EVAP COIL MT            3.0    300.00       300.00      191.67      91.67    283.34
   41711  2/02/2011  BAKERY HOT CASE         99809         3.0    500.00       500.00      319.45     152.78    472.23
   41712  2/02/2011  ALCO 5X20 HOT CASE                    3.0    500.00       500.00      319.45     152.78    472.23
   41713  2/02/2011  4-DOOR DONUT CASE                     7.0  1,500.00     1,500.00      410.72     196.43    607.15
   41714  2/02/2011  HOBART MEAT TENDERIZER  56-822-052    3.0    300.00       300.00      191.67      91.67    283.34
   41715  2/02/2011  HOBART MEAT GRINDER                   5.0    500.00       500.00      191.67      91.67    283.34
   41716  2/02/2011  BUTCHER BOY MEAT SAW    6-19330       5.0  1,500.00     1,500.00      575.00     275.00    850.00
   41717  2/02/2011  HOBART ROTISSERIE       YN-0578       5.0    750.00       750.00      287.50     137.50    425.00
   41718  2/02/2011  HEAT SEAL FLOOR HAND WRAPPE           7.0    150.00       150.00       41.07      19.64     60.71
   41719  2/02/2011  30X4 STAINLESS TABLE-DELI             7.0    150.00       150.00       41.07      19.64     60.71
   41720  2/02/2011  24X8 POLYTOP TABLE-DELI               7.0    150.00       150.00       41.07      19.64     60.71
   41721  2/02/2011  HILL 12' 2DK PRODUCE CASE 190-986     7.0  2,050.00     2,050.00      561.31     268.46    829.77
   41722  2/02/2011  HILL 12' 2DK PRODUCE CASE 190-987     7.0  2,050.00     2,050.00      561.31     268.46    829.77
   41723  2/02/2011  HILL 12' 2DK PRODUCE CASE 190-988     7.0  2,050.00     2,050.00      561.31     268.46    829.77
   41724  2/02/2011  HILL 12' 2DK PRODUCE CASE 190-989     7.0  2,050.00     2,050.00      561.31     268.46    829.77
   41725  2/02/2011  HILL 12' 5DK BEER CASE   180-1557    12.0  4,600.00     4,600.00      734.72     351.39  1,086.11
   41726  2/02/2011  HILL 12' 5DK BEER CASE   180-1556    12.0  4,600.00     4,600.00      734.72     351.39  1,086.11
   41727  2/02/2011  TYLER 5DR REACH-IN FREEZER W600141   12.0  7,500.00     7,500.00    1,197.92     572.92  1,770.84
   41728  2/02/2011  TYLER 5DR REACH-IN FREEZER W600180   12.0  7,500.00     7,500.00    1,197.92     572.92  1,770.84
   41729  2/02/2011  TYLER 5DR REACH-IN FREEZER W600178   12.0  7,500.00     7,500.00    1,197.92     572.92  1,770.84
   41730  2/02/2011  TYLER 5DR REACH-IN FREEZER W600181   12.0  7,500.00     7,500.00    1,197.92     572.92  1,770.84
   41731  2/02/2011  TYLER 5DR REACH-IN FREEZER W600179   12.0  7,500.00     7,500.00    1,197.92     572.92  1,770.84
   41732  2/02/2011  TYLER 12' 5DK DELI MEAT CAS W187859  12.0  4,600.00     4,600.00      734.72     351.39  1,086.11
   41733  2/02/2011  TYLER 12' 5DK DELI MEAT CAS W187857  12.0  4,600.00     4,600.00      734.72     351.39  1,086.11
   41734  2/02/2011  TYLER 12' 3DK MEAT CASE  W181989     12.0  4,600.00     4,600.00      734.72     351.39  1,086.11
   41735  2/02/2011  TYLER 12' 3DK MEAT CASE  W181988     12.0  4,500.00     4,500.00      718.75     343.75  1,062.50
   41736  2/02/2011  TYLER 8' 3DK DELI CASE   N400116     12.0  5,500.00     5,500.00      878.47     420.14  1,298.61
   41737  2/02/2011  NOLAN 2DR REACH-IN FREEZER 83359995   7.0  4,500.00     4,500.00    1,232.15     589.29  1,821.44
   41738  2/02/2011  TRUE 2DR WINER COOLER    1118372912.0       2,500.00     2,500.00      399.30     190.97    590.27
   41739  2/02/2011  ROOF CONDENSING UNIT-10DR F           7.0  1,500.00     1,500.00      410.72     196.43    607.15
   41740  2/02/2011  COPELAND COMPRESSOR 7 1/2HP 82H06019  5.0    750.00       750.00      287.50     137.50    425.00
   41741  2/02/2011  ROOD CONDENSING UNIT-15DR F           7.0  1,500.00     1,500.00      410.72     196.43    607.15
   41742  2/02/2011  COPELAND COMPRESSOR 7 1/2HP 00L76644 12.0    850.00       850.00      135.76      64.93    200.69
   41743  2/02/2011  BOHN ROOF CONDENSING UNIT-D T06H0562012.0  1,500.00     1,500.00      239.58     114.58    354.16
   41744  2/02/2011  CONDENSING UNIT-BEER CASE             7.0    750.00       750.00      205.35      98.21    303.56
   41745  2/02/2011  COPELAND COMPRESSOR     96I02462      7.0    750.00       750.00      205.35      98.21    303.56
   41746  2/02/2011  CONDENSING UNIT-PRODUCE CAS           7.0    750.00       750.00      205.35      98.21    303.56
   41747  2/02/2011  COPELAND COMPRESSOR     00F75713      7.0    750.00       750.00      205.35      98.21    303.56
```

```
---------------------------------------------------------------------------------------------------------
C  ASSET   DATE ACQ       DESCRIPTION         SERIAL NBR LIFE      COST     RECAP NET      PRIOR      12/2013         ACCUM
   41748  2/02/2011  PALLET JACK                         7.0      500.00      500.00      136.91       65.48         202.39
   41749  2/02/2011  6-WHEEL GROCERY CART                7.0      150.00      150.00       41.07       19.64          60.71
   41750  2/02/2011  6 WHEEL GROCERY CART                7.0      150.00      150.00       41.07       19.64          60.71
   41751  2/02/2011  HAND TRUCK                          7.0      150.00      150.00       41.07       19.64          60.71
   41752  2/02/2011  LEXMARK FAX MACHINE                 3.0      150.00      150.00       95.83       45.83         141.66
   41753  2/02/2011  LEXMARK PRINTER                     3.0      150.00      150.00       95.83       45.83         141.66
   41754  2/02/2011  8 HIGH MEAT CART                    7.0      125.00      125.00       34.23       16.37          50.60
   41755  2/02/2011  8 HIGH MEAT CART                    7.0      125.00      125.00       34.23       16.37          50.60
   41756  2/02/2011  PLASTIC UTILITY CART                3.0       30.00       30.00       19.17        9.17          28.34
   41757  2/02/2011  PLASTIC UTILITY CART                3.0       30.00       30.00       19.17        9.17          28.34
   41758  2/02/2011  4' PRODUCE EURO TABLE               7.0      300.00      300.00       82.15       39.29         121.44
   41759  2/02/2011  4' PRODUCE EURO TABLE               7.0      300.00      300.00       82.15       39.29         121.44
   41760  2/02/2011  4' PRODUCE EURO TABLE               7.0      300.00      300.00       82.15       39.29         121.44
   41761  2/02/2011  4' PRODUCE EURO TABLE               7.0      300.00      300.00       82.15       39.29         121.44
   41762  2/02/2011  WINE DISPLAY FIXTURE                7.0      850.00      850.00      232.74      111.31         344.05
   41763  2/02/2011  18X4 METRO UNIT WINE                7.0       75.00       75.00       20.53        9.82          30.35
   41764  2/02/2011  18X4' METRO UNIT WINE               7.0       75.00       75.00       20.53        9.82          30.35
   41765  2/02/2011  POLE SIGN                          12.0      850.00      850.00      135.76       64.93         200.69
   41766  2/02/2011  (20) GROCERY SHOPPING CARTS         5.0    1,940.00    1,940.00      743.67      355.67       1,099.34
   41767  2/02/2011  MEAT DEPT SMALLWARES                5.0      500.00      500.00      191.67       91.67         283.34
   41768  2/02/2011  DELI DEPT SMALLWARES                5.0      500.00      500.00      191.67       91.67         283.34
   41769  2/02/2011  PRODUCE DEPT SMALLWARES             5.0      500.00      500.00      191.67       91.67         283.34
   41770  2/02/2011  MANITOWOC ICE MACHINE    11097111412.0    4,433.20    4,433.20      708.08      338.64       1,046.72
   41771  2/09/2011  HENNY PENNY ELEC FRYER   BA101201212.0   14,473.44   14,473.44    2,311.73    1,105.61       3,417.34
   41772  2/02/2011  INSTALL NEW SIGNAGE                12.0   12,185.00   12,185.00    1,946.22      930.80       2,877.02
   41773  2/25/2011  CROWN MANUAL PALLET JACK           12.0      480.23      480.23       76.70       36.69         113.39
   41774  2/04/2011  HONEYMAN HAND TRUCK                12.0      165.00      165.00       26.35       12.60          38.95
   41775  2/04/2011  HONEYMAN HAND TRUCK                12.0      165.00      165.00       26.35       12.60          38.95
   41776  2/04/2011  HONEYMAN HAND TRUCK                12.0      165.00      165.00       26.35       12.60          38.95
   41777  2/04/2011  HONEYMAN HAND TRUCK                12.0      165.00      165.00       26.35       12.60          38.95
   41778  2/02/2011  CORDLESS PHONE                      7.0      179.94      179.94       49.27       23.57          72.84
   41779  2/02/2011  HAMMARS UNIFORMS                   12.0    2,615.99    2,615.99      417.83      199.83         617.66
   41780  2/02/2011  ISS45 SYSTEM                        7.0    5,836.37    5,836.37    1,598.06      764.29       2,362.35
   41781  2/02/2011  ISS45 SYSTEM                        7.0    5,836.37    5,836.37    1,598.06      764.29       2,362.35
   41782  2/02/2011  ISS45 SYSTEM                        7.0    5,836.37    5,836.37    1,598.06      764.29       2,362.35
   41783  2/02/2011  ISS45 SYSTEM                        7.0    5,836.36    5,836.36    1,598.06      764.29       2,362.35
   41784  2/02/2011  VOSTRO WESTLAKE FASTRACK            4.0      885.00      885.00      424.06      202.81         626.87
   41785  2/02/2011  SOFTWARE                            4.0    1,742.90    1,742.90      835.14      399.42       1,234.56
   41786  2/02/2011  SIGNAGE                            12.0   45,084.25   45,084.25    7,200.96    3,443.94      10,644.90
   41787  2/02/2011  LEASEHOLD IMPROVEMENTS             20.0   83,920.97   83,920.97    8,042.43    3,846.38      11,888.81
   41788  2/17/2011  INSTALL CONDENSOR                  12.0      400.00      400.00       63.89       30.55          94.44
   41851  3/31/2011  COMFORT TASK CHAIR-BLUE             7.0      115.99      115.99       30.38       15.19          45.57
   41852  3/31/2011  COMFORT TASK CHAIR-BLUE             7.0      115.99      115.99       30.38       15.19          45.57
   41853  3/31/2011  COMFORT TASK CHAIR-BLUE             7.0      115.99      115.99       30.38       15.19          45.57
   41854  3/31/2011  COMFORT TASK CHAIR-BLUE             7.0      115.99      115.99       30.38       15.19          45.57
   41855  3/11/2011  (48) HAND BASKETS (2) STAND   W/SIGNS12.0      404.54      404.54       61.80       30.90          92.70
   41856  3/11/2011  6-WHEELER STOCK CART               12.0      228.82      228.82       34.96       17.48          52.44
   41857  3/11/2011  6-WHEELER STOCK CART               12.0      228.82      228.82       34.96       17.48          52.44
   41858  3/11/2011  6-WHEELER STOCK CART               12.0      228.81      228.81       34.96       17.48          52.44
   41859  3/03/2011  DELL POE SWITCH                     4.0      252.76      252.76      115.85       57.92         173.77
   41947  4/01/2011  OMNI MX860 TERMINAL                 7.0      583.00      583.00      145.75       76.35         222.10
   41948  4/01/2011  OMNI MX860 TERMINAL                 7.0      583.00      583.00      145.75       76.35         222.10
   41949  4/01/2011  OMNI MX860 TERMINAL                 7.0      583.00      583.00      145.75       76.35         222.10
   41950  4/01/2011  OMNI MX860 TERMINAL                 7.0      583.00      583.00      145.75       76.35         222.10
   41951  4/01/2011  OMNI MX860 TERMINAL                 7.0      583.00      583.00      145.75       76.35         222.10
```

EXHIBIT 1
Page 13 of 14

| C | ASSET | DATE ACQ | DESCRIPTION | SERIAL NBR | LIFE | COST | RECAP NET | PRIOR | 12/2013 | ACCUM |
|---|-------|----------|-------------|------------|------|------|-----------|-------|---------|-------|
|   | 41952 | 4/01/2011 | ACCESS POINT |  | 3.0 | 102.25 | 102.25 | 59.64 | 31.24 | 90.88 |
|   | 41953 | 4/01/2011 | ACCESS POINT |  | 3.0 | 102.25 | 102.25 | 59.64 | 31.24 | 90.88 |
|   | 41954 | 4/01/2011 | ACER 17" MONITOR |  | 3.0 | 155.97 | 155.97 | 90.98 | 47.66 | 138.64 |
|   | 41955 | 4/01/2011 | ACER 17" MONITOR |  | 3.0 | 155.97 | 155.97 | 90.98 | 47.66 | 138.64 |
|   | 41956 | 4/01/2011 | THIN CLIENT STATION |  | 3.0 | 162.50 | 162.50 | 94.80 | 49.66 | 144.46 |
|   | 41957 | 4/01/2011 | THIN CLIENT STATION |  | 3.0 | 162.50 | 162.50 | 94.80 | 49.66 | 144.46 |
|   | 41958 | 4/01/2011 | 3800 HAND SCANNER/CABLE |  | 3.0 | 196.93 | 196.93 | 114.87 | 60.17 | 175.04 |
|   | 41959 | 4/01/2011 | 3800 HAND SCANNER/CABLE |  | 3.0 | 196.93 | 196.93 | 114.87 | 60.17 | 175.04 |
|   | 41960 | 4/01/2011 | 3800 HAND SCANNER/CABLE |  | 3.0 | 196.93 | 196.93 | 114.87 | 60.17 | 175.04 |
|   | 41961 | 4/01/2011 | 3800 HAND SCANNER/CABLE |  | 3.0 | 196.93 | 196.93 | 114.87 | 60.17 | 175.04 |
|   | 41962 | 4/07/2011 | OUTDOOR TRASH RECEPTICAL |  | 12.0 | 466.28 | 466.28 | 68.00 | 35.62 | 103.62 |
|   | 41963 | 4/07/2011 | OUTDOOR TRASH RECEPTICAL |  | 12.0 | 466.28 | 466.28 | 68.00 | 35.62 | 103.62 |
|   | 41964 | 4/08/2011 | (15) TECHNIBILT 2-TIER CART |  | 12.0 | 1,862.75 | 1,862.75 | 271.65 | 142.29 | 413.94 |
|   | 41965 | 4/22/2011 | NEW HOT CASE DOOR |  | 12.0 | 662.44 | 662.44 | 96.60 | 50.60 | 147.20 |
|   | 41966 | 4/19/2011 | USED ROOF EXHAUST FAN |  | 12.0 | 500.00 | 500.00 | 72.92 | 38.20 | 111.12 |
|   | 41967 | 4/04/2011 | 24FT 5 DECK DAIRY CASES |  | 12.0 | 11,876.69 | 11,876.69 | 1,732.01 | 907.24 | 2,639.25 |
|   | 41968 | 4/04/2011 | USED 3 FAN ROOF CONDENSER |  | 12.0 | 2,462.42 | 2,462.42 | 359.10 | 188.10 | 547.20 |
|   | 41969 | 4/01/2011 | FILTER ENVELOPE/RINSE HOSE |  | 12.0 | 799.23 | 799.23 | 116.55 | 61.05 | 177.60 |
|   | 41970 | 4/01/2011 | 12 SHORETEL PHONE LICENSES |  | 7.0 | 1,344.00 | 1,344.00 | 336.00 | 176.00 | 512.00 |
|   | 42006 | 5/31/2011 | MX850 MGR PC |  | 4.0 | 1,024.10 | 1,024.10 | 426.71 | 234.69 | 661.40 |
|   | 42147 | 8/01/2011 | EXTREME LP SOFTWARE LICENSE |  | 3.0 | 3,250.00 | 3,250.00 | 1,534.72 | 993.05 | 2,527.77 |
|   | 42148 | 8/08/2011 | NEW 5FAN ELEC DEFROST EVAP |  | 12.0 | 1,643.70 | 1,643.70 | 194.05 | 125.57 | 319.62 |
|   | 42149 | 8/08/2011 | INSTALL 5FAN EVAP COIL |  | 12.0 | 9,144.67 | 9,144.67 | 1,079.58 | 698.56 | 1,778.14 |
|   | 42364 | 11/30/2011 | SONICWALL |  | 4.0 | 546.53 | 546.53 | 159.40 | 125.24 | 284.64 |
|   | 42464 | 12/31/2011 | MAGELLAN 9502 SCANNER/SCALE |  | 5.0 | 918.57 | 918.57 | 199.02 | 168.40 | 367.42 |
|   | 42465 | 12/31/2011 | MAGELLAN 9502 SCANNER SCALE |  | 5.0 | 918.57 | 918.57 | 199.02 | 168.40 | 367.42 |
|   | 42466 | 12/31/2011 | MAGELLAN 9502 SCANNER SCALE |  | 5.0 | 918.57 | 918.57 | 199.02 | 168.40 | 367.42 |
|   | 42467 | 12/31/2011 | MAGELLAN 9502 SCANNER SCALE |  | 5.0 | 918.57 | 918.57 | 199.02 | 168.40 | 367.42 |
|   | 42567 | 12/31/2011 | 15"DRY DOME SAMPLER UNIT |  | 12.0 | 422.78 | 422.78 | 38.17 | 32.29 | 70.46 |
|   | 42612 | 1/25/2012 | USED 3HP COPELAND COMPRESSO |  | 12.0 | 2,116.84 | 2,116.84 | 176.40 | 161.70 | 338.10 |
|   | 42613 | 1/24/2012 | NEW 10TON ROOFTOP HEAT PUMP |  | 12.0 | 19,994.68 | 19,994.68 | 1,666.22 | 1,527.37 | 3,193.59 |
|   | 42812 | 5/30/2012 | COIL HEATER |  | 7.0 | 1,167.65 | 1,167.65 | 111.20 | 152.91 | 264.11 |
|   | 42813 | 5/02/2012 | NEW COPELAND COMPRESSOR | FBAM A075IAV02 | 12.0 | 3,078.41 | 3,078.41 | 171.02 | 235.15 | 406.17 |
|   | 42983 | 6/01/2012 | WYSE P20 ZERO CLIENT TERA 1 |  | 4.0 | 344.22 | 344.22 | 50.20 | 78.89 | 129.09 |
|   | 42984 | 6/01/2012 | WYSE P20 ZERO CLIENT TERA 1 |  | 4.0 | 344.22 | 344.22 | 50.20 | 78.89 | 129.09 |
|   | 42985 | 6/01/2012 | WYSE P20 ZERO CLIENT TERA 1 |  | 4.0 | 344.22 | 344.22 | 50.20 | 78.89 | 129.09 |
|   | 42986 | 6/01/2012 | WYSE P20 ZERO CLIENT TERA 1 |  | 4.0 | 344.22 | 344.22 | 50.20 | 78.89 | 129.09 |
|   | 43098 | 7/01/2012 | PANEL LABOR |  | 7.0 | 1,842.50 | 1,842.50 | 131.61 | 241.28 | 372.89 |
|   | 43206 | 8/04/2012 | 10-2 TIER SHOPPING CARTS |  | 12.0 | 992.08 | 992.08 | 34.45 | 75.78 | 110.23 |
|   | 43930 | 10/24/2012 | WYSE P20 ZERO CLIENT |  | 4.0 | 369.99 | 369.99 | 23.12 | 84.79 | 107.91 |
|   | 43931 | 10/24/2012 | WYSE P20 ZERO CLIENT |  | 4.0 | 369.99 | 369.99 | 23.12 | 84.79 | 107.91 |
|   | 43932 | 10/24/2012 | WYSE P20 ZERO CLIENT |  | 4.0 | 369.99 | 369.99 | 23.12 | 84.79 | 107.91 |
|   | 43933 | 10/10/2012 | 6 VMWARE LICENSES |  | 3.0 | 1,376.52 | 1,376.52 | 114.71 | 420.60 | 535.31 |
|   | 43934 | 10/17/2012 | 2 PK WIRE HANDLE HAND BASKE |  | 5.0 | 276.28 | 276.28 | 13.81 | 50.66 | 64.47 |
|   | 43935 | 10/09/2012 | LEASEHOLD IMPROVEMENTS 79 |  | 20.0 | 69,270.81 | 69,270.81 | 865.89 | 3,174.91 | 4,040.80 |
|   | 44022 | 11/30/2012 | ROOF PATCH |  | 12.0 | 4,954.22 | 4,954.22 | 68.81 | 378.45 | 447.26 |
| A | 44408 | 2/28/2013 | MICROSOFT SOFTWARE |  | 3.0 | 685.59 | 685.59 | .00 | 190.45 | 190.45 |
| A | 44707 | 6/05/2013 | CART CORAL |  | 12.0 | 445.49 | 445.49 | .00 | 18.57 | 18.57 |
| A | 44721 | 1/01/2013 | ISS45 ADD TO #41780 ACQ 2/1 |  | 5.0 | 24,410.05 | 24,410.05 | .00 | 2,034.18 | 2,034.18 |
| A | 44766 | 7/18/2013 | LED LIGHTING |  | 12.0 | 5,667.90 | 5,667.90 | .00 | 196.80 | 196.80 |

EXHIBIT 1

Page 14 of 14

# LIST OF INTERESTED PARTIES

## *In re C & K Market, Inc.*
U.S. Bankruptcy Court Case No. 13-64561-fra11

## ECF PARTICIPANTS

- RICHARD T ANDERSON rick@andersonmonson.com, lisa@andersonmonson.com
- MATTHEW A ARBAUGH matt@fieldjerger.com, koren@fieldjerger.com
- CASEY B BOYLE KDWBankruptcyDepartment@kelleydrye.com
- G JEFFERSON CAMPBELL mariahd@qwestoffice.net, gjcpc@qwestoffice.net
- DONALD J CHURNSIDE don@oregonlegalteam.com, melanie@oregonlegalteam.com
- TIMOTHY J CONWAY tim.conway@tonkon.com, nancy.kennedy@tonkon.com
- BRADLEY S COPELAND bcopeland@agsprp.com, bdavis@agsprp.com
- JOHN E DAVIS JackD@roguefirm.com
- MELINDA DAVISON tcp@dvclaw.com
- COLIN F. DOUGHERTY colin.dougherty@faegrebd.com
- MICHAEL W FLETCHER michael.fletcher@tonkon.com, leslie.hurd@tonkon.com;andy.haro@tonkon.com
- DAVID A FORAKER david.foraker@greenemarkley.com, joyce.chartrand@greenemarkley.com
- BENJAMIN FREUDENBERG benf@roguefirm.com
- DOUGLAS L GALLAGHER doug@dglawoffice.com, douglasgallagherlawoffice@gmail.com
- RUSSELL D GARRETT russ.garrett@jordanramis.com, mike.scott@jordanramis.com;priscilla.gray@jordanramis.com;litparalegal@jordanramis.com
- OREN B HAKER obhaker@stoel.com
- BRIAN T HEMPHILL brian@hemphill-attorney.com
- THOMAS A HUNTSBERGER tom@tahpc.com
- SCOTT L JENSEN slj@brownrask.com, lac@brownrask.com
- GREGG D JOHNSON gdj@aterwynne.com, jmh@aterwynne.com
- ALBERT N KENNEDY al.kennedy@tonkon.com, leslie.hurd@tonkon.com;andy.haro@tonkon.com
- CHRISTINE A KOSYDAR cakosydar@stoel.com, cmwallentine@stoel.com;docketclerk@stoel.com;lchopkins@stoel.com
- JUSTIN D LEONARD jleonard@ml-llp.com, ecf@ml-llp.com
- JULIA I MANELA ecf@scott-law-group.com
- DAVID B MILLS davidbmills@comcast.net, davidbmills@cs.com
- JEFFREY C MISLEY jeffm@sussmanshank.com, ecf.jeffrey.misley@sussmanshank.com
- JOHNSTON A MITCHELL johnstonlaw@comcast.net, coers@comcast.net;emenze@comcast.net
- WILSON C MUHLHEIM mkindred@luvaascobb.com;scooke@luvaascobb.com
- PETER C McKITTRICK pmckittrick@ml-llp.com, ecf@ml-llp.com
- EVAN H. NORDBY nordby.evan@dol.gov
- JOSHUA BYRON NORTON joshua.norton@kyl.com
- THOMAS M ORR torr@eugene-law.com, elynch@eugene-law.com,lmiller@eugene-law.com
- R SCOTT PALMER rspalmer@wlrlaw.com, lolson@wlrlaw.com
- CHRISTOPHER L PARNELL cparnell@dunncarney.com, taichele@dunncarney.com;sripley@dunncarney.com
- TERESA H PEARSON teresa.pearson@millernash.com, lisa.conrad@millernash.com;brenda.hale@millernash.com
- DAVID L POLLACK pollack@ballardspahr.com
- WILLARD L RANSOM wransom@roguevalleylaw.com, ddaw@roguevalleylaw.com
- FRANK C ROTE frank.rote@southernoregonlawyer.com
- Recovery Management Systems Corporation claims@recoverycorp.com
- TARA J SCHLEICHER tschleicher@fwwlaw.com, dfallon@fwwlaw.com;nlyman@fwwlaw.com
- AVA L SCHOEN ava.schoen@tonkon.com, larissa.stec@tonkon.com
- LOREN S SCOTT ecf@scott-law-group.com
- ALAN G SELIGSON aseligson@scslaw.org, assistant@scslaw.org
- TROY SEXTON tsexton@portlaw.com, nhenderson@portlaw.com,csturgeon@portlaw.com,mmyers@portlaw.com
- DALE L SMITH ofscourt@gmail.com
- RENEE STARR renee@rstarrlaw.com
- JERRY N STEHLIK jstehlik@bsss-law.com
- PATRICK L STEVENS pstevens@eugene-law.com, lmiller@eugene-law.com,ahorrigan@eugenelaw.com
- MICHAEL R. STEWART michael.stewart@faegrebd.com
- ANDREW MICHAEL THAU at@southpawasset.com
- STEPHEN T TWEET beth@albertandtweet.com, darlene@albertandtweet.com
- US Trustee, Eugene USTPRegion18.EG.ECF@usdoj.gov
- JOSEPH M VANLEUVEN joevanleuven@dwt.com, lizcarter@dwt.com;pdxdocket@dwt.com
- LAURA J WALKER lwalker@cablehuston.com, mingram@cablehuston.com
- PAMELA K. WEBSTER pwebster@buchalter.com, smartin@buchalter.com

# NON-ECF PARTICIPANTS

**SECURED CREDITORS**

Banc of America
 Leasing & Capital LLC
2059 Northlake Parkway 4 South
Tucker, GA 30084

Dell Financial Services LLC
Mail Stop-PS2DF-23
One Dell Way
Round Rock, TX 78682

James D. Gillespie
28274 S. Fork Rd.
Dayville, OR 97825

Greatway Center Property LLC
8816 E. Evans Creeks
Rogue River, OR 97537

Green & Frahm
941 Delsie Dr.
Grants Pass, OR 97527

Komlofske Corp.
1535 E. 3rd St.
Prineville, OR 97754

Protective Life
2801 Highway 280 South
Birmingham, AL 35202

**OTHER**

Jenette A. Barrow-Bosshart
Otterbourg P.C.
230 Park Avenue
New York, NY 10169-0075